# BANK OF BOSTON CONNECTICUT *v.* SCOTT REAL ESTATE, INC., ET AL.
## (13753)

Dupont, C. J., and Foti and Heiman, Js.

Argued November 30, 1995—decision released March 19, 1996

*Robert L. Trowbridge*, with whom, on the brief, were *Anthony C. DeFilippis, Jr.*, and *Michael J. Rose*, for the appellants (defendants).

*Robert A. Izard, Jr.*, with whom, on the brief, was *Linda L. Morkan*, for the appellee (substitute plaintiff).

HEIMAN, J. The defendants appeal from the judgment of the trial court rendered after the court granted the plaintiff's motion for summary judgment. The defendants claim that the trial court improperly found that no issue of material fact existed as to the defendants' special defenses and counterclaim. The defendants argue that issues of material fact existed as to whether (1) the plaintiff failed in its duty to notify the defendants of foreclosure proceedings affecting a collaterally assigned mortgage, (2) such alleged failure constituted a breach of the implied covenant of good faith and fair dealing that existed between the parties, (3) such alleged failure should result in the plaintiff's being equitably estopped from collecting the debt owed by the defendants, and (4) the plaintiff made an election of remedies under General Statutes § 42a-9-505 (2).[1] We affirm the judgment of the trial court.

The following facts are relevant to a resolution of this appeal. On January 13, 1987, Bank of Boston Connecticut (BBC) loaned $650,000 to Scott Real Estate, Inc. (SRE), pursuant to a demand promissory note (BBC note). The guarantors of the BBC note were James

---

[1] General Statutes § 42a-9-505 (2) provides: "In any other case involving consumer goods or any other collateral a secured party in possession may, after default, propose to retain the collateral in satisfaction of the obligation. Written notice of such proposal shall be sent to the debtor if he has not signed after default a statement renouncing or modifying his rights under this subsection. In the case of consumer goods no other notice need be given. In other cases notice shall be sent to any other secured party from whom the secured party has received, before sending his notice to the debtor or before the debtor's renunciation of his rights, written notice of a claim of an interest in the collateral. If the secured party receives objection in writing from a person entitled to receive notification within twenty-one days after the notice was sent, the secured party must dispose of the collateral under section 42a-9-504. In the absence of such written objection the secured party may retain the collateral in satisfaction of the debtor's obligation."

Scott, Raymond Lubus and John Novak (guarantors). SRE borrowed the $650,000 from BBC in order to loan that money to Dana Investment Corporation (Dana). As security for the BBC note, SRE and Lubus executed a collateral assignment to BBC of a promissory note made by Dana and payable to SRE and Lubus in the amount of $650,000 (Dana note), and a mortgage deed (Dana mortgage) in favor of SRE and Lubus encumbering two parcels of property in Danbury owned by Dana (Danbury properties). BBC also received and recorded on the Danbury land records an outright assignment of the Dana mortgage. The Danbury properties were also subject to prior mortgages.

Between December, 1987, and August, 1988, the prior encumbrancers of the Danbury properties commenced foreclosure proceedings (Danbury foreclosures), and BBC was named as a defendant in those actions because of the outright assignment of the Dana mortgage to BBC. BBC did not notify SRE or the guarantors of the Danbury foreclosures at that time. In September, 1988, SRE and Dana entered into a business venture that resulted in a profit to Dana of approximately $757,000. The profit due Dana was initially received by SRE, and SRE subsequently released the money to Dana on December 1, 1988, despite Dana's obligations to SRE under the Dana note and SRE's obligations to BBC under the BBC note. Subsequent to December 1, 1988, SRE learned of the Danbury foreclosures and defaulted on the BBC note. BBC demanded payment on March 4, 1991.

BBC, the original plaintiff in this case,[2] brought an action against SRE and the guarantors (defendants) to recover the moneys due BBC pursuant to the BBC note.

[2] Subsequent to the filing of the appeal, WHBB Real Estate Limited Partnership purchased the BBC note, and is now the substituted plaintiff and the appellee in this action.

The defendants raised three special defenses and one counterclaim. As special defenses, the defendants claimed that (1) the plaintiff's acceptance of the outright assignment of the Dana mortgage and its failure to notify the defendants of the Danbury foreclosures released the defendants of their liability to the plaintiff, (2) the plaintiff was estopped from collecting on the BBC note because it failed to notify the defendants of the Danbury foreclosures and (3) the plaintiff should be deemed to have elected to proceed exclusively against the Dana note and the Dana mortgage in satisfaction of the defendants' debt to the plaintiff. In the counterclaim, the defendants asserted that the plaintiff breached its duty of good faith and fair dealing because it did not notify the defendants of the Danbury foreclosures. The plaintiff moved for summary judgment and the court granted the motion. This appeal followed.

The defendants claim that the trial court improperly granted the plaintiff's motion for summary judgment because several issues of material fact existed as to the defendants' special defenses and counterclaim. We do not agree.

"The standard for appellate review of a trial court's decision to grant a summary judgment motion is well established. Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates*, 219 Conn. 772, 780–81, 595 A.2d 334 (1991); *Lees* v. *Middlesex Ins. Co.*, 219 Conn. 644, 650, 594 A.2d 952 (1991). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; *D.H.R. Construction Co.* v. *Donnelly*, 180 Conn. 430, 434, 429 A.2d 908 (1980); a party opposing summary judgment must substantiate its

adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. Practice Book §§ 380, 381; *Burns* v. *Hartford Hospital*, [192 Conn. 451, 455, 472 A.2d 1257 (1984)]. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. *Town Bank & Trust Co.* v. *Benson*, 176 Conn. 304, 309, 407 A.2d 971 (1978). *Strada* v. *Connecticut Newspapers, Inc.*, 193 Conn. 313, 317, 477 A.2d 1005 (1984). The test is whether a party would be entitled to a directed verdict on the same facts. *Batick* v. *Seymour*, 186 Conn. 632, 647, 443 A.2d 471 (1982). *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates*, supra, 781, citing *Connell* v. *Colwell*, 214 Conn. 242, 246–47, 571 A.2d 116 (1990). *Trotta* v. *Branford*, 26 Conn. App. 407, 409–10, 601 A.2d 1036 (1992)." (Internal quotation marks omitted.) *New Milford Savings Bank* v. *Roina*, 38 Conn. App. 240, 243–44, 659 A.2d 1226 cert. denied, 225 Conn. 915, 665 A.2d 609 (1995).

I

The cornerstone of the defendants' first and second special defenses and their counterclaim is that the plaintiff had a duty to notify the defendants of the Danbury foreclosures. The defendants posited that if the plaintiff had given notice to the defendants of the foreclosures, then the defendants would not have released the $757,000 profit to Dana, but instead would have remitted that money to the plaintiff in satisfaction of the BBC note. In their first argument on appeal, the defendants assert that a genuine issue of material fact existed as to the plaintiff's duty to notify the defendants of the Danbury foreclosures. The existence of this alleged duty serves as the basis of the defendants' second and third arguments on appeal that the plaintiff breached its implied covenant of good faith and fair dealing, and that the plaintiff should be equitably estopped from

collecting on the BBC note. We conclude that the trial court properly found that no genuine issue of material fact existed as to the plaintiff's duty to notify the defendants of the Danbury foreclosures, and, consequently, that the defendants' first three arguments on appeal are without merit.

The defendants claim that the plaintiff's obligation to notify the defendants of the Danbury foreclosures is clearly evidenced in the collateral assignment of the Dana note and mortgage to the plaintiff, and that, therefore, an issue of fact was created as to the duty of notice. "Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact; *Gurliacci* v. *Mayer*, 218 Conn. 531, 567, 590 A.2d 914 (1991); *Finley* v. *Aetna Life & Casualty Co.*, 202 Conn. 190, 199, 520 A.2d 208 (1987); [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law. *Thompson & Peck, Inc.* v. *Harbor Marine Contracting Corp.*, 203 Conn. 123, 131, 523 A.2d 1266 (1987). . . . *Mulligan* v. *Rioux*, 229 Conn. 716, 740, 643 A.2d 1226 (1994). We regard this case to present such definitive contract language.

"It is the general rule that a contract is to be interpreted according to the intent expressed in its language and not by an intent the court may believe existed in the minds of the parties. Id.; *Barnard* v. *Barnard*, 214 Conn. 99, 110, 570 A.2d 690 (1990); *Powel* v. *Burke*, 178 Conn. 384, 387, 423 A.2d 97 (1979). When the intention conveyed by the terms of an agreement is clear and unambiguous, there is no room for construction. *Gino's Pizza of East Hartford, Inc.* v. *Kaplan*, 193 Conn. 135, 138, 475 A.2d 305 (1984). [A] court cannot import into [an] agreement a different provision nor can the construction of the agreement be changed to vary the express limitations of its terms. *Hatcho Corp.* v. *Della*

*Pietra,* 195 Conn. 18, 21, 485 A.2d 1285 (1985); see also *Bank of Boston Connecticut* v. *Schlesinger,* 220 Conn. 152, 159, 595 A.2d 872 (1991) ([i]t is not within the power of courts to create new and different agreements); *Jay Realty, Inc.* v. *Ahearn Development Corp.,* 189 Conn. 52, 55, 453 A.2d 771 (1983) (same); *Cirrito* v. *Turner Construction Co.,* 189 Conn. 701, 706–707, 458 A.2d 678 (1983) ([i]n interpreting a contract courts cannot add new or different terms); *Powel* v. *Burke,* supra, 388." (Internal quotation marks omitted.) *Levine* v. *Massey,* 232 Conn. 272, 277–79, 654 A.2d 737 (1995).

In ruling on the plaintiff's motion for summary judgment, the trial court determined as a matter of law that the BBC loan documents did not create an obligation on the part of the plaintiff to notify the defendants of foreclosure proceedings relating to the Danbury properties.[3] We agree with that determination. The collateral assignment of the Dana note and mortgage only requires the plaintiff, upon default of the defendants under the terms of the BBC note, to give ten days' notice to the defendants of the plaintiff's intention to become the absolute owners of the collateral.[4] The collateral assignment creates no obligation on the part of the plaintiff to

[3] The trial court stated: "If [the defendants] wanted notice of any foreclosure, [they] should have negotiated that right with the [plaintiff] at the time of the assignment. Lacking that agreement, there was no legal requirement that the [plaintiff] notify the defendant of the foreclosure of the [Danbury] properties."

[4] The collateral assignment contains the following pertinent language: "That upon default by Scott or any guarantor of the note described in Schedule 'A', [the BBC note] Lubus and Scott agree that the [BBC] shall be and become the absolute owner of the collateral, upon ten (10) days' written notice to their attorney . . . or to either of them and that the [BBC] may, upon said default and at the same time as said notice is given to Lubus and Scott or thereafter at the [BBC's] option, give notice to the makers of said note described in Schedule 'B', [the Dana note] that the [BBC] has become the absolute owner of the collateral, and that the [BBC] may take such other action as it may deem necessary or desirable to protect its interest in the collateral."

give notice to the defendants of third party foreclosure proceedings affecting the Danbury properties, the properties encumbranced by the Dana mortgage. Furthermore, the notice provision at issue was not triggered at the time of the foreclosures because at that time, the defendants were not in default of their obligations under the BBC note. In fact, it was not until after the defendants became aware of the Danbury foreclosures that they defaulted in their obligations under the BBC note.

Thus, because the documents constituting the loan agreement between the parties did not create an obligation on the part of the plaintiff to give notice to the defendants of foreclosure proceedings affecting the Danbury properties, we conclude that the trial court properly determined that the plaintiff was entitled to judgment as a matter of law. Consequently, the defendants' first three arguments on appeal, which are based on the claimed existence of a material issue of fact as to whether the plaintiff had the obligation to give notice, are without merit because the plaintiff had no such obligation.

## II

In their third special defense, the defendants claimed that the plaintiff should be deemed to have elected to proceed exclusively against the obligors of the Dana note and mortgage, thereby releasing the defendants from their obligations to the plaintiff under the BBC note. The defendants' final argument on appeal is that such a defense may be raised pursuant to § 42a-9-505 (2),[5] and that the trial court improperly found that no genuine issue of material fact existed as to whether the plaintiff made an election of remedies under that statute. We do not agree. Article 9 of the Connecticut Uniform Commercial Code does not apply "to the cre-

---

[5] See footnote 1.

ation or transfer of an interest in or lien on real estate, including a lease or rents thereunder . . . ." General Statutes § 42a-9-104 (j); *Burritt Mutual Savings Bank of New Britain* v. *Tucker*, 183 Conn. 369, 372, 439 A.2d 396 (1981). Moreover, under the terms of the collateral assignment of the Dana note and mortgage, if the plaintiff intended to become the absolute owner of the collateral, it was to notify the defendants of such intent within ten days of the defendants' default of their obligations pursuant to the BBC note.[6] The defendants provided no proof that the plaintiff ever invoked this provision of the collateral assignment. Thus, the trial court properly found that no genuine issue of material fact existed as to the defendants' third special defense. Consequently, the defendants' fourth argument in support of their appeal is without merit.

The judgment is affirmed.

In this opinion the other judges concurred.