[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 12, 1997
The plaintiff, Meredith West (West), worked as a nurse for the defendant, Norwalk Hospital (Hospital), for approximately thirty-three (33) years. Several years prior to her resignation, the plaintiff inquired about a rumored "early retirement or enhanced benefit program." (Complaint, ¶ 5). She was told, by her supervisor, that he knew of no such program. In September of 1994, the Hospital unveiled its Special Voluntary Separation Program (SVS Program). On September 28, 1994, the plaintiff resigned from the Hospital. The plaintiff claims that she would have been eligible for the benefits of the SVS Program had she not resigned before its unveiling.
The plaintiff filed a complaint against the defendant seeking, inter alia, compensation for the benefits she would have received had she participated in the SVS Program. The defendant filed an answer, with two special defenses. The first special defense asserts that the SVS Program is "an employee benefit plan governed by the Employee Retirement Income Security Act,29 U.S.C. § 101 et. seq. (`ERISA')." (Amended Answer, p. 3.) The defendant filed a motion for summary judgment, based upon its first special defense, and the plaintiff filed a cross motion for summary judgment, against the defendant's first special defense. Various memoranda concerning these motions were filed by both parties.
Practice Book § 384 provides that summary judgment "shall CT Page 2252 be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. "The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Bourquin v. Melsungen, 40 Conn. App. 302,670 A.2d 1322, cert. denied, 237 Conn. 909, 657 A.2d 456 (1996). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue . . ." (Citations omitted.) Bank of Boston v. Scott RealEstate, 40 Conn. App. 616, 619-20, 673 A.2d 558, cert. denied,237 Conn. 912, 675 A.2d 884 (1996).
"As a general rule, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Bennett v. Automobile Ins. Co. of Hartford,230 Conn. 795, 802, 646 A.2d 806 (1994). Similarly "in any affirmative or special defense, the burden of proof rests with the defendant." State v. Arroyo, 181 Conn. 426, 430, 435 A.2d 967
(1980).
Plaintiff's Motion for Summary Judgment
"With respect to the [plaintiff's] motion for summary judgment on the defendant's first special defense, the majority of Superior Court decisions concur in the opinion that summary judgment as to a special defense is not provided for under Practice Book § 379 and is improper. See SI Development Corp.v. Sapiro, Superior Court, judicial district of New London at New London, Docket No. 526158 (March 14, 1994, Hurley, J.); Gianettiv. National Grange Insurance, 11 CONN. L. RPTR. 234 (March 8, 1994, Freedman, J.); but see Merchants Bank Trust v. Woodlake,
Superior Court, judicial district of Fairfleld at Bridgeport, Docket No. 279992 (January 28, 1994, Moran, J.)." Baskin v.Portnoy, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 136911 (March 7, 1995, D'Andrea, J.). For CT Page 2253 this reason, the plaintiff's motion for summary judgment as to the defendant's first special defense is denied.
Defendant's Motion for Summary Judgment
The defendant claims that its SVS Program qualifies as an employee benefit plan as defined under ERISA, 29 U.S.C. § 1002 (3). Therefore, the state law claims asserted by the plaintiff, which are based upon the SVS Program, are preempted by federal law under 29 U.S.C. § 1144 (a).[1] The plaintiff argues that the SVS Program does not qualify as an employee benefit plan and, therefore, ERISA does not apply.
The main issue is whether the Hospital's SVS Program is an employee benefit plan under ERISA. The seminal case on this issue is Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 107 S.Ct. 2211,96 L.Ed.2d 1 (1987). In Fort Halifax, the United States Supreme Court explained that "Congress intended preemption to afford employers the advantage of a uniform set of administrative procedures governed by a single set of regulations. This concern only arises, however, with respect to benefits whose provision by nature requires an ongoing administrative program to meet the employer's obligation. It is for this reason that Congress preempted state laws relating to plans, rather than simply to benefits. Only a plan embodies a set of administrative practices vulnerable to the burden that would be imposed by a patchwork scheme of regulation."[2] Id., 11-12. "An employer's decision to extend benefits does not constitute, in and of itself, the establishment of an ERISA plan . . . Instead, Fort HalifaxPacking Co. v. Coyne, 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1
(1987), and its progeny have delineated the standard to be applied to determine whether a benefits plan falls within ERISA's ambit: The pivotal inquiry is whether the plan requires the establishment of a separate, ongoing administrative scheme to administer the plan's benefits." Kulinski v. MedtronicBio-Medicus, Inc., 21 F.3d 254, 256-57 (1994), aff'd, 60 F.3d 830
(8th Cir. 1995).
The Hospital's SVS Program contains a salary incentive, which allows "salary continuation in a lump sum or on a biweekly basis" for a certain period of time. (Affidavit of Meredith West, Exhibit A.) Case law has ruled the administration of these benefits to be entirely clerical in nature, and therefore not requiring administration such that they would qualify as an employee benefit plan under ERISA. See Fort Halifax Packing Co.CT Page 2254v. Coyne, supra, 482 U.S. 1; see also James v. Fleet/NorstarFinancial Group, 992 F.2d 463 (2nd Cir. 1993).
The SVS Program also contains a provision on health insurance. This section provides "for continuation of existing medical and dental insurance . . . [and] . . . 12 months of Medicare Part B for all eligible employees." (Affidavit of Meredith West, Exhibit A.) The court in Angst v. Mack Trucks,Inc., 969 F.2d 1530 (3rd Cir. 1992), held that a "continued disbursement of benefits . . . [that] did not require the creation of a new administrative scheme and did not impose new administrative requirements on an existing administrative scheme, but rather required the continuation of an existing procedure . . . did not constitute an ERISA plan as measured by the test of Fort Halifax." Id., 1540-41. Therefore, the defendant has not established that this aspect of the SVS Program qualifies it as an ERISA plan.
The only remaining contention asserted by the defendant that would support its motion for summary judgment is an alleged admission by the plaintiff that the SVS Program is governed by ERISA. Even assuming this admission took place, it would not require the granting of the defendant's motion for summary judgment. The defendant's motion for summary judgment implicates the court's subject matter jurisdiction. "Subject matter jurisdiction cannot be waived or conferred by consent." Demar v.Open Space Conservation Commission, 211 Conn. 416, 424,559 A.2d 1103 (1989). Therefore, the alleged admission by the plaintiff has no effect on the defendant's motion for summary judgment.
The defendant's motion for summary judgment on its first special defense is denied. The defendant has not proven that the SVS Program requires an administrative scheme such that it qualifies as an employee benefit plan under ERISA. Accordingly, there exists a genuine issue of material fact as to whether the SVS Program is an ERISA plan and thus, the plaintiff's state law claims against the defendant are not preempted by federal law.
D'Andrea, J.