[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT NO. 144.70
On April 19, 1993, the plaintiff, John J. Melosci, Jr., filed a one count complaint against the defendant, Goodyear Tire 
Rubber Company (Goodyear), sounding in products liability. CT Page 4636 Specifically, the plaintiff alleges the following facts. On July 27, 1990, while in the course of his employment at Tony's Tire Service of Connecticut, Inc. (Tony's), the plaintiff responded to a road service request to repair a truck tire manufactured by Goodyear. During the course of repairing the tire, it exploded, causing the plaintiff to sustain severe injuries. The plaintiff claims that the defendant is liable to him for his injuries, pursuant to the Connecticut Product Liability Act, General Statutes § 52-572m, because the tire was improperly manufactured.
On November 10, 1993, Tony's moved to intervene as a coplaintiff in the action and filed a complaint, claiming that it is entitled to reimbursement for monies paid to the plaintiff, Tony's employee, under a workers' compensation claim, pursuant to General Statutes § 31-293. The court, Rodriguez, J., granted Tony's motion.
The defendant filed an answer and a special defense to the intervening plaintiff's complaint on September 12, 1994. The defendant asserts in its special defense that the intervening plaintiff's action is barred by General Statutes § 52-572r
(c) (repealed 1993).
On August 16, 1996, the defendant filed this motion for summary judgment on the grounds that there is no genuine issue of material fact as to the cause of action alleged in Tony's complaint and that the defendant is entitled to judgment as a matter of law. This motion is accompanied by a memorandum of law in support of the defendant's motion.
On October 28, 1996, the intervening plaintiff filed a motion for an extension of time to respond to the defendant's motion. On November 19, 1996, the court, Carroll, J., granted the intervening plaintiff's motion, giving Tony's an additional thirty days to respond. As of today's date, the intervening plaintiff has failed to oppose the defendant's motion.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996). CT Page 4637
Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. Beers v.Bayliner Marine Corp. , 236 Conn. 769, 771 n. 4, 675 A.2d 829
(1996); Delahunty v. Massachusetts Mutual Life Ins. Co.,236 Conn. 582, 588 n. 10, 674 A.2d 1290 (1996). "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." 2830 Whitney AvenueCorp. v. Heritage Canal Development Associates, Inc.,33 Conn. App. 563, 567, 636 A.2d 1377 (1994). "If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof." (Internal quotation marks omitted.) Id., 569.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . ." (Citations omitted; internal quotation marks omitted.) Bank ofBoston v. Scott Real Estate, Inc., 40 Conn. App. 616, 620,673 A.2d 530, cert. denied, 237 Conn. 912, 675 A.2d 884 (1996). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp. , 233 Conn. 732, 751, 660 A.2d 810 (1995).
Because the intervening plaintiff in the present case failed to file counteraffidavits or concrete evidence demonstrating the existence of a genuine issue of material fact, the court must determine whether the defendant met its burden of proving that no genuine issues of material fact exist and that the defendant is entitled to judgment as a matter of law.
The defendant argues that Tony's is precluded from intervening in the plaintiff's action by the clear language of General Statutes § 52-572r (c). That statute provided in relevant part that "`[n]either an employer nor . . . the insurer of such employer, shall have any lien upon any judgment received in any product liability claim, or any right of subrogation if the claim against the third party is a product liability claim.'"Rodia v. Tesco Corporation, 11 Conn. App. 391, 393,527 A.2d 721 (1987), quoting General Statutes § 52-572r (c).[1] This statute was repealed by No. 93-228, § 34 of the 1993 Public CT Page 4638 Acts, which simply states that "Section 52-572r of the general statutes is repealed." P.A. 93-228, § 34.
The defendant in the present case also argues that P.A. 93-228 affects substantive rights and, therefore, should not be applied retroactively. The defendant further argues that, if the legislature intended P.A. 93-228 to be applied retroactively, they would have expressly provided that the act was applicable retroactively. Substantive rights of parties are fixed on the date upon which the cause of action accrues. Champagne v.Raybestos-Manhattan, Inc., 212 Conn. 509, 521, 562 A.2d 1100
(1989). "The only exception to this rule is when the legislature enacts substantive legislation and unequivocally declares that the new legislation is to be given retroactive effect." Id., 522.
According to the plaintiff's complaint in the present case, he was injured on July 27, 1990. Thus, the substantive rights of the parties were fixed on July 27, 1990. General Statutes § 52-572r (c) was the law at the time the substantive rights of the parties were fixed. Accordingly, as a matter of law, General Statutes § 52-572r (c) bars Tony's from intervening in the plaintiff's cause of action against the defendant.[2]
Therefore, the court grants the defendant's motion for summary judgment.
Stodolink, J.