[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision Re: Motion for Summary Judgment
The issue before this court is whether defendant, Sun Hill Industries, Inc., was correctly subject to personal jurisdiction under Massachusetts General Laws ch. 223A, § 3.
Massachusetts General Laws ch. 223A, § 3. Transactions or conduct for personal jurisdiction, provides in pertinent part:
A court may exercise personal jurisdiction over a person, who acts directly or by agent, as to a cause of action in law or in equity arising from the person's (a) transacting any business in the commonwealth; (b) contracting to supply services or things in this commonwealth; (c) causing tortious injury by an act or omission in this commonwealth. CT Page 4822
Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. "The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Bourquin v. Melsungen, 40 Conn. App. 302,670 A.2d 1322, cert. denied, 237 Conn. 909, 657 A.2d 456 (1996). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such issue . . ." (Citations omitted.) Bank of Boston v. Scott Real Estate,40 Conn. App. 616, 613-620, 673 A.2d 558, cert. denied,237 Conn. 912, 675 A.2d 884 (1996)
"As a general rule, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless that the plaintiff has no cause of action." Bennett v. Automobile Ins. Co. of Hartford,230 Conn. 795, 802, 646 A.2d 806 (1994). Similarly, "in any affirmative or special defense, the burden of proof rests with the defendant." State v. Arroyo, 181 Conn. 426, 430, 435 A.2d 967
(1980).
Defendant has moved for summary judgment, alleging that there was no personal jurisdiction over Sun Hill Industries, Inc. in the forum of Massachusetts.
The two-part test in Massachusetts to gain personal jurisdiction over a nonresident defendant is "whether there is adequate . . . evidence that the two entities (1) transacted . . . business in [Massachusetts], thus subjecting them to the commonwealth's longarm statute . . . and (2) have acted in such a manner that the district court's exercise of jurisdiction over them would not offend the constitutionally anchored minimum contacts rule." United Elec. Workers v. 163Pleasant Street Corp., 987 F.2d 39, 43 (1st Cir. 1993). CT Page 4823
"The transacting any business clause [in § 3] has been construed broadly." Heins v. Wilhelm Loh Wetzlar Optical Mach,GmbH Co. KG., 26 Mass. App. 14, 17, 522 N.E.2d 989 (1988), relying on Good Hope Indus. Inc. v. Ryder Scott Co., 378 Mass. 1,6, 389 N.E.2d 76 (1979). Generally, the purposeful and successful solicitation of business from residents of the Commonwealth . . . will suffice to satisfy [the "transacting any business"] requirement. Tatro v. Manor Care. Inc., 625 N.E.2d 549, 553
(Mass. 1994).
The visit, telephone communications and mailing of samples by representatives of Sun Hill Industries, Inc. for the purpose of conducting business with Jan-Art Packaging, Inc. is sufficient to subject defendant to personal jurisdiction in the forum state of Massachusetts under Massachusetts General Laws ch. 223A, § 3(a). These purposeful contacts within the state of Massachusetts are also sufficiently related to the transaction in question. SeePolaroid Corp. v. Feely, 889 F. Sup. 21, 25 (D.Mass. 1995). Relatedness has also been construed broadly in Massachusetts. Id.
Telephone calls coupled with the sending of reports has been held to be enough to gain personal jurisdiction in Massachusetts. SeeGood Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1 (1979). In the instant case there was a visit in addition to telephone communications and the mailing of samples, surpassing the level of contact established in Good Hope Indus. Inc.
The constitutional "minimum contacts" standard is not offended as set forth in Burger King Corp. v. Rudezewicz,471 U.S. 462 (1985). The minimum contacts rule is satisfied when a party "purposefully avails itself of the privilege of conducting activities within the forum state." Id. at 475. The actions of representatives of Sun Hill Industries, Inc. rises to that level. Accordingly, the defendant's motion for summary judgment is denied.
Karazin, J.