[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. "`Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. . . .'" (Citations omitted.) Bank ofBoston v. Scott Real Estate, Inc., 40 Conn. App. 616, 619-20,673 A.2d 558, cert. denied, 237 Conn. 912, 675 A.2d 884 (1996).
Count one of the plaintiff's complaint states a claim for enforcement of a foreign judgment under General Statutes § 52-607. The plaintiff has supplied documentation demonstrating that a default judgment for failure to appear was entered on January 29, 1996, in the Iowa District Court, in favor of the plaintiff and against this defendant. The only way for a "debtor to attack collaterally the foreign judgment [is] by establishing facts that would render the foreign judgment void." Seaboard Surety Co. v.Waterbury, 38 Conn. Sup. 468, 472, 451 A.2d 291 (1982). "[T]his would require proof of the lack of a legally organized court or tribunal; lack of jurisdiction over the subject matter, the parties, or both; or want of power to grant the relief contained in the judgment." Rathkopf v. Pearson, 148 Conn. 260, 265,170 A.2d 135 (1961). The defendant has not demonstrated any facts nor included any in its affidavit which would render the foreign judgment void. As such, the defendant has not shown the existence of any genuine issues of material fact which would preclude granting the plaintiff's motion for summary judgment on count one of its complaint. Therefore, the plaintiff's motion for summary CT Page 5920 judgment as to count one is granted.
KARAZIN, J.