[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant moves for summary judgment as to counts one and two of the plaintiff's complaint.
On February 10, 1997, the plaintiffs, Felicia Beauregard and Constance Prude[1] filed a four count complaint against the defendants, Jose Robles, Jr., AA Auto Rental, Inc., d/b/a ABC Auto Rental, and Clayton Brown, alleging the following facts. On August 22, 1995, the plaintiff, Felicia Beauregard, was a passenger in a motor vehicle operated by the defendant, Jose Robles, Jr. The motor vehicle was owned by ABC Auto Rental and was rented to Jose Robles, Jr.'s father, Jose Robles, Sr. While operating the vehicle, the defendant, Jose Robles, Jr., pulled into the path of a motor vehicle operated by the defendant, Clayton Brown. The two vehicles collided and the plaintiff, Felicia Beauregard, was injured.
In count one of the complaint, the plaintiffs allege negligence as to Jose Robles, Jr. and ABC Auto Rental, on the theory that Jose Robles, Jr. operated the vehicle as the agent or servant of ABC Auto Rental and that ABC Auto Rental is liable for the plaintiffs' damages pursuant to General Statutes § 14-154a. In count two, the plaintiffs allege recklessness as to Jose Robles, Jr. and ABC Auto Rental because the vehicle was operated in violation of General Statutes §§ 14-218a, 14-219, and 14-222.
On March 31, 1997, ABC Auto Rental filed this motion for summary judgment on the ground that there are no genuine issues of material fact and it is thus entitled to judgment as a matter of law. The motion is accompanied by a supporting memorandum, an CT Page 6800 affidavit from the owner of ABC Auto Rental, the rental agreement, and the police report of the accident.
On May 1, 1997, the plaintiffs filed a memorandum of law opposing the defendant's motion, arguing that a genuine issue of material fact exists as to whether Jose Robles, Jr. was authorized to drive the vehicle. The plaintiffs submit affidavits from Jose Robles, Jr., Jose Robles, Sr. and Felicia Beauregard to support their contention.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts . . . ." (Citations omitted; internal quotation marks omitted.) Bank of Boston v. Scott RealEstate, 40 Conn. App. 616, 620, 673 A.2d 558, cert. denied,237 Conn. 912, 675 A.2d 884 (1996). Summary judgment is "appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., 233 Conn. 732, 751,660 A.2d 810 (1995).
In count one, the plaintiffs allege a cause of action against ABC Auto Rental, partially relying on General Statutes § 14-154a,[2] which imposes "on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one in lawful possession of it pursuant to the terms of the contract of rental." Pedevillano v. Bryon, 231 Conn. 265, 268,648 A.2d 873 (1994).
The defendant, ABC Auto Rental argues that the defendant, Jose Robles, Jr., was not an authorized driver under the rental agreement's restrictions. The Supreme Court found that "[General Statutes § 14-154a] does not, in its terms, preclude a lessor from imposing reasonable restrictions on the identity of those to whom it is willing to entrust its property and for whose conduct it is willing to assume risk." Id., 270.
In the present case, the rental agreement submitted by ABC CT Page 6801 Auto Rental in support of its motion demonstrates that Jose Robles, Jr. was not included as an authorized driver on the face of the rental agreement, which was signed by his father, Jose Robles, Sr. Furthermore, the agreement specifically precludes anyone under the age of twenty-one years to be an authorized driver. ABC Auto Rental argues that, because Jose Robles, Jr. was seventeen years old at the time of the alleged incident,[3] he was precluded as an authorized driver under the limitations of the rental agreement. Accordingly, ABC Auto Rental contends that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.
In opposition to the motion, the plaintiffs submit affidavits from Jose Robles, Sr., Jose Robles, Jr. and Felicia Beauregard, in which they aver that ABC Auto Rental rented the vehicle to Jose Robles, Sr. with the understanding that it would be operated by Jose Robles, Jr. The court, in ruling on the defendant's motion, is limited to determining ABC Auto Rental's liability under General Statutes § 14-154a solely on the basis of the terms of the rental contract. See Blackwell v. Bryant,45 Conn. App. 26, 30, ___ A.2d ___ (1997). "We have consistently construed the statute as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one inlawful possession of it pursuant to the contract of rental."
(Emphasis in original.) Pedevillano v. Bryon, supra,231 Conn. 268.
In the present case, the court finds that Jose Robles, Jr. was not authorized under the rental agreement to drive the vehicle rented by his father from ABC Auto Rental. Furthermore, "Pedevillano makes clear that the lessor is not liable under [General Statutes § 14-154a] even when the lessee allows another party to drive the vehicle." Blackwell v. Bryant, supra,45 Conn. App. 31. Accordingly, the defendant, Jose Robles, Jr., was not in lawful possession of the vehicle under the terms of the rental agreement. See also Carney v. Samuels, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 547608 (June 17, 1996, Aurigemma, J.); Aquilante v. Aquilante, Superior Court, judicial district of New Haven at New Haven, Docket No. 369592 (June 13, 1996, Freedman, J.).
If the plaintiffs' allegation as to ABC Auto Rental's liability were confined to a claim under General Statutes § 14-154a, the court would be obligated, as a matter of law, to CT Page 6802 grant the defendant's motion based on the foregoing discussion. The plaintiffs, however, also claim that ABC Auto Rental should be held liable for Jose Robles, Jr.'s negligence because he was operating the vehicle as an agent or servant of ABC Auto Rental at the time of the alleged incident.
To establish an agency relationship, a plaintiff must show: "(1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking." (Internal citations omitted.) Hallv. Peacock Fixture Electric Co., 193 Conn. 290, 294,475 A.2d 1100 (1984). In support of its motion, the defendant in the present case submits John Szpak's affidavit, who, as the owner of ABC Auto Rental, states: "Jose Robles, Jr. was not authorized to operate the vehicle in question, and did not have the permission of ABC Auto Rental to operate the vehicle, and indeed, no additional drivers were authorized to operate the vehicle. . . . Jose Robles, Jr. is not now and has never been an agent, servant or employee of ABC Auto Rental."
The affidavits provided by the plaintiffs in opposition to the defendant's motion, however, aver that it was known to ABC Auto Rental's owner that Jose Robles, Sr. was renting the vehicle for use by his son. Jose Robles, Sr.'s affidavit avers that ABC Auto Rental authorized the use of the vehicle by Jose Robles, Jr. The plaintiffs contend that these affidavits raise a genuine issue of material fact as to whether Jose Robles, Jr. operated the rented vehicle with the express authorization of ABC Auto Rental.
The affidavits submitted by the plaintiffs distinguish the present case from Aguilante v. Aguilante, supra. There, the court granted the rental car company's motion for summary judgment because the plaintiff failed to provide the court with any proof contesting the rental car company owner's affidavit or statement that the named defendant was not the agent or servant of the rental car company. In the present case, the plaintiffs provide the court with three affidavits, each contesting ABC Auto Rental's assertion that it did not authorize Jose Robles, Jr. to operate the vehicle rented by his father.
"In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,
CT Page 6803206 Conn. 495, 500, 538 A.2d 1031 (1988). In viewing the evidence in the light most favorable to the nonmoving party, the court finds that the plaintiffs provide evidence which raises a genuine issue of material fact. Accordingly, the defendant's motion for summary judgment is denied.
Mary R. Hennessey, Judge