[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
This is an action to foreclose a judgment lien on residential property in Suffield. The complaint alleges that the plaintiff obtained a judgment dated September 22, 1994 against the defendant, Jean Czaplicki, in the amount of $12,853.84 and subsequently placed a judgment lien against Czaplicki's property in Suffield on October 12, 1994.
In her November 6, 1996 answer, the defendant alleges five special defenses, in which she asserts that the 1994 judgment against her was based on her default for failure to appear to defend the plaintiff's claim against her for fraudulent CT Page 8091 conveyance based on her deceased husband, Leonard Czaplicki's transfer to her of the property allegedly without adequate consideration in order to avoid paying the attorney's fee debt to the plaintiff. She claims the judgment against her is void or voidable because the court failed to obtain jurisdiction over Leonard Czaplicki, the original debtor and transferor of the property, in the 1994 action because that action was commenced by service on the "administrator" of his estate, but the person named as administrator was not the administrator, nor did he have any fiduciary capacity with respect to the estate, which, in fact, was never opened in Connecticut. Thus, the defendant claims, because the court entering the 1994 default judgment against her failed to obtain jurisdiction over Leonard, the alleged transferor, it could not enter a default judgment against her, the alleged transferee in an action for fraudulent conveyance.
The plaintiff filed this motion for summary judgment on April 21, 1997. The defendant filed a motion to dismiss with the court at oral argument on April 24, 1997, both parties agreeing that the court should treat the defendant's motion to dismiss as a memorandum in opposition to the plaintiff's motion for summary judgment.
Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Bank of Boston v. Scott RealEstate, 40 Conn. App. 616, 620, 558 (1996). Summary judgment is "appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp. ,233 Conn. 732, 751 (1995).
The plaintiff argues that it is entitled to a judgment of foreclosure as a matter of law because, in her answer, the defendant admits that the plaintiff obtained the September 22, 1994 judgment against her in the amount of $12,853.84 and also admits that the judgment remains wholly unpaid and is presently due and owing.
The defendant never moved to open the September, 1994 judgment entered in default of her failure to appear, but now CT Page 8092 asserts in her special defenses and opposition to the motion for summary judgment that the lien the plaintiff is attempting to foreclose is invalid because the court rendering judgment in 1994 failed to acquire jurisdiction over Leonard Czaplicki and could not establish that the Suffield property was fraudulently conveyed to her. She does not contest that the court had personal jurisdiction over her.
— I —
Attacks, like that now made by the defendant, on prior judgments are disfavored. "Unless a litigant can show an absence of subject matter jurisdiction that makes the prior judgment of a tribunal entirely invalid, he or she must resort to direct proceedings to correct perceived wrongs in the tribunal's conclusive decision." Joe's Pizza, Inc. v. Aetna Life and Cas.Co., 236 Conn. 863, 876 (1996). Moreover, even if valid, the defendant's special defenses in the present case would not refute the subject matter jurisdiction of the court rendering the 1994 judgment, but only the jurisdiction of the court over the person of Leonard Czaplicki, as transferor of the property. Nevertheless, the defendant maintains that since the court failed to obtain jurisdiction over Leonard Czaplicki, it could not have entered judgment against the defendant on the basis of a fraudulent conveyance because judgment against the transferor was a pre-requisite to obtaining judgment against the transferee.
Although defendant has cited many cases involving "indispensable parties" she cites no authority to substantiate her claim that the transferor is an indispensable party in a fraudulent conveyance action.
— II —
Both parties acknowledge that the controlling statute on this issue is the Uniform Fraudulent Transfer Act, General Statutes §§ 52-552a to 52-5521. Nothing in the statute refers to a prior judgment against the transferor as a prerequisite to a judgment against the transferee; nor do any annotated cases address this issue. However, the Uniform Fraudulent Transfer Act is similar to § 548 of the federal bankruptcy code, more particularly found at 11 U.S.C. § 548 (1978) and cases interpreting § 548 of the bankruptcy code are useful in interpreting General Statutes § 52-552. Herald Publishing Co.v. Barberino, Superior Court, judicial district of Hartford-New CT Page 8093 Britain at New Britain, Docket No. 454680 (October 27, 1993, Dorsey, S.T.R.).
In J.P. Castagna, Inc. dba Castagna Specialty Risk, Inc. v.John P. Castagna, Sr., and Castagna Agency, Inc., Superior Court, judicial district of New London at New London, Docket No. 523960 (April 7, 1995, Parker, J.) (14 Conn. L. Rptr. 56), Judge Parker found that a discharge in bankruptcy of the transferor did not bar prosecution of a debt against a party receiving a fraudulent conveyance because while bankruptcy may free a debtor from an obligation, bankruptcy does not discharge the debt or excuse any other entity or person from liability. In that case, the plaintiff pursued an action against the debtor's wife as a fraudulent transferee when the complaint against her husband, the debtor, was withdrawn after his debts were discharged in bankruptcy and judgment against the transferee was rendered without a prior judgment against the transferor. The court held that General Statutes § 52-552h "permits more than an actionin rem against the property fraudulently transferred; it allows an in personam action against the fraudulent transferee." The clear conclusion is that the primary debtor is not an indispensable party to an action for fraudulent conveyance.
In the present case the plaintiff filed its 1994 complaint against both the person whom it believed to be the administrator of Leonard Czaplicki's estate and against Jean Czaplicki, the present defendant. It is not questioned that the court rendering the 1994 default judgment against the present defendant had personal jurisdiction over her and that she chose not to defend that action. She now has no valid basis on which to vitiate that judgment.
Since there is no difference as to any material question of fact, and there is no defense to the plaintiff's action to foreclose its judgment lien, the plaintiff's motion for summary judgment is granted.
Jerry Wagner Trial Judge Referee