[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT
This is an action for uninsured motorist benefits brought by the plaintiff, Samuel Russo, arising out of a policy of insurance with the defendant carrier, Allstate Insurance Company (Allstate). In his amended complaint, the plaintiff alleges that on October 17, 1988, while operating a motor vehicle at the intersection of Calvin Street and North Main Street, Naugatuck, he was involved in an automobile accident with an uninsured driver, resulting in his complained of injuries.
Previously, the plaintiff made claim for similar benefits under a policy he had with the Aetna Casualty Surety Co. (Aetna). In binding arbitration between the plaintiff and Aetna, arbitrators held that the "claimant's [the plaintiff here] own negligence was greater than 50%", and therefore found for the respondent carrier Aetna. An application to vacate the arbitration award and an application to confirm the award was brought to this court. On July 19, 1993, the court, Parker, J., denied the application to vacate and confirmed the arbitrators' award. See Russo v. Aetna Casualty Surety Co., Superior Court, judicial district of Waterbury, Docket No. 112129,9 CONN. L. RPTR. 417. Judge Parker's decision confirming the award was appealed to the Appellate Court and that court affirmed the lower court's ruling. Russo v. Aetna Casualty and SuretyCo., 34 Conn. App. 904, 641 A.2d 153
(1994). The plaintiff then instituted this action for injuries arising from the same October 17, 1988 accident.
The defendant brings this motion for summary judgment on the ground that this action is barred under the doctrine of collateral estoppel or issue preclusion. The plaintiff has filed an objection and memorandum in opposition to the defendant's motion. CT Page 13530
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the a party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of such a genuine issue of material fact. Practice Book § 381." (Citations omitted; internal quotation marks omitted.) Thompson Peck, Inc. v. Division Drywall, Inc., 241 Conn. 370, 374,696 A.2d 326 (1997). "The test is whether a party would be entitled to a directed verdict on the same facts."Bank of Boston v. Scott Real Estate, Inc., 40 Conn. App. 616,620, 673 A.2d 558, cert. denied, 237 Conn. 912, 675 A.2d 884 (1996).
The defendant argues that this action is barred by the doctrine of collateral estoppel because in binding arbitration between the plaintiff and Aetna, the arbitrators held that the plaintiff's own negligence was greater than fifty percent. The plaintiff argues that it should not be precluded from bringing this action, claiming that the finding relied upon in the arbitration case did not have the necessary safeguards to permit the application of the doctrine of collateral estoppel. The plaintiff also claims that it is not collaterally estopped because there exists no mutuality of parties.
"`[C]ollateral estoppel, or issue preclusion, prohibits the relitigation of an issue where that issue was actually litigated and necessarily determined in a prior action. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated. . . . The doctrine of collateral estoppel is based on the public policy that a party should not be able to relitigate a matter which it had already has had an opportunity to litigate.'" Connecticut Natural Gas Corp. v. Miller,239 Conn. 313, 324, 684 A.2d 1173 (1996). "In order for collateral estoppel to bar the relitigation of an issue in a later proceeding, the issue concerning which relitigation is sought to be estopped must be identical to the issue decided in the prior proceeding. To establish whether collateral estoppel applies, the court must determine what facts were necessarily determined in the first CT Page 13531 [proceeding], and must then assess whether the [party] is attempting to relitigate those facts in the second proceeding."Aetna Casualty and Surety Company v. Jones, 220 Conn. 285, 297,596 A.2d 414 (1991). "[O]rdinarily a factual determination made in a final and binding arbitration is entitled to preclusive effect." Genovese v. Gallo Wine Merchants, Inc., 226 Conn. 475,483, 628 A.2d 946 (1993).
In Aetna Casualty and Surety Company v. Jones, supra,220 Conn. 285, Aetna sought by declaratory judgment to bar the fiduciary of a decedent's estate from collecting on a policy which precluded recovery for intentional acts. The decedent was killed by her husband who was convicted for first degree manslaughter, an intentional act. The court permitted Aetna to invoke the doctrine of collateral estoppel on the issue of "intentional killing" and granted judgment precluding recovery of the insurance proceeds.
The plaintiff here attempts to distinguish that case from the facts in present case, arguing that the doctrine collateral estoppel should be only invoked in instances such as those as presented in Aetna Casualty and Surety Company v. Jones, where there are sufficient safeguards to assure that full and fair opportunity to litigate the issue that is sought to be estopped. Those safeguards, the plaintiff asserts, do not exist in the instant case. This court does not agree.
The plaintiff's comparative negligence was thoroughly litigated in the arbitration hearing against Aetna. That tribunal found him to be more than fifty percent negligent. Its decision was confirmed by this court and that decision was upheld by our Appellate Court. Our Supreme Court has held that a decision of an arbitration panel used to invoke the doctrine or res judicata may apply to a judgment by a court reviewing its decision. Corey v.Avco-Lycoming Division, 163 Conn. 309, 318, 307 A.2d 155 (1972), cert. denied, 409 U.S. 1116, 93 S.Ct. 903, 34 L.Ed.2d 699
(1973). Moreover, the argument advanced by the plaintiff thatCorey is inapposite because the same parties were not involved in both proceedings is no longer the rule of this state. Our Supreme Court has "join[ed] those jurisdictions that have concluded that the mutuality of parties rule is unsound. To allow a party who has fully and fairly litigated an issue at a prior trial to avoid the force of a ruling against him simply because he later finds himself faced by a different opponent is inappropriate and unnecessary." Aetna Casualty Surety Co. v. Jones, supra, CT Page 13532220 Conn. 302.
The issue of liability was litigated with sufficient safeguards. There is no reason to litigate it again. The defendant's motion for summary judgment is granted.
PELLEGRINO, J