JOHN M. GLOVER AGENCY *v.* RDB BUILDING, LLC
(AC 19813)

Landau, Pellegrino and Peters, Js.

Argued September 22—officially released November 7, 2000

*Carolyn A. Comerford,* for the appellant (defendant).

*James J. Farrell,* with whom, on the brief, were *Bruce J. Gelson* and *Patrick M. Birney,* for the appellee (plaintiff).

*Opinion*

LANDAU, J. The defendant, RDB Building, LLC, appeals from the judgment rendered by the trial court

in accordance with the report of the attorney fact finder[1] in favor of the plaintiff, John M. Glover Agency. The defendant claims that the court improperly (1) affirmed the conclusions of the fact finder, which were unsupported by the pleadings and the evidence,[2] (2) construed the plain language of the agreement between the parties and (3) applied the provisions of General Statutes § 38a-160 et seq.[3] We affirm the judgment of the trial court.

The fact finder made the following findings of fact. On or about July 1, 1996, the parties entered into an oral agreement whereby the plaintiff was to provide insurance protection for general liability and other losses that the defendant might sustain at premises located at 1660 East Main Street in Waterbury.[4] Some of the parties' agreements were written and others were oral. The parties agreed that the value of the plaintiff's services and insurance coverage for one year was $24,678, which was the annual premium the plaintiff quoted to the defendant. The parties agreed, as well, that if the plaintiff provided services and coverage prior to the defendant's canceling the coverage, the plaintiff would be entitled to a "minimum earned premium" of $5878. The defendant stopped payment on the check it

[1] General Statutes § 52-549n provides in relevant part: "In accordance with the provisions of section 51-14, the judges of the Superior Court may make such rules as they deem necessary to provide a procedure in accordance with which the court, in its discretion, may refer to a fact-finder for proceedings authorized pursuant to this chapter, any contract action pending in the Superior Court, except claims under insurance contracts for uninsured and or underinsured motorist coverage, in which only money damages are claimed and which is based upon an express or implied promise to pay a definite sum, and in which the amount, legal interest or property in controversy is less than fifty thousand dollars exclusive of interest and costs. . . ."

[2] The defendant has not briefed this issue and we, therefore, deem it abandoned. See *Ferrara* v. *Hospital of St. Raphael*, 54 Conn. App. 345, 351, 735 A.2d 357, cert. denied, 251 Conn. 916, 740 A.2d 864 (1999).

[3] General Statutes § 38a-160 et seq. pertains to insurance premium finance companies.

[4] The defendant admitted this allegation in its answer to the complaint.

gave to the plaintiff as the first installment on the premium due, thereby canceling the coverage three weeks after it went into effect. The plaintiff, therefore, was not able to provide services and coverage for the year.

The defendant failed to pay the plaintiff the "minimum earned premium," and the plaintiff commenced an action on the contract. The fact finder concluded that the term "minimum earned premium" contained in the written agreement was not ambiguous and that the plaintiff was due $5878 plus prejudgment interest pursuant to General Statutes § 37-3a. The court rendered judgment on the fact finder's report, and the defendant appealed.

I

The defendant's primary claim in this appeal is that the trial court improperly affirmed the fact finder's conclusion that the term "minimum earned premium" is not ambiguous. We disagree.

"The existence of a contract is a question of fact to be determined by the trier on the basis of all the evidence. . . . To form a valid and binding contract in Connecticut, there must be a mutual understanding of the terms that are definite and certain between the parties." (Citations omitted; internal quotation marks omitted.) *L & R Realty* v. *Connecticut National Bank*, 53 Conn. App. 524, 534, 732 A.2d 181, cert. denied, 250 Conn. 901, 734 A.2d 984 (1999). In any case in which the parties dispute the meaning of definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law. See *Pesino* v. *Atlantic Bank of New York*, 244 Conn. 85, 91–92, 709 A.2d 540 (1998), citing *Levine* v. *Massey*, 232 Conn. 272, 277, 654 A.2d 737 (1995); *Mulligan* v. *Rioux*, 229 Conn. 716, 740, 643 A.2d 1226 (1994), on appeal after remand, 38 Conn. App. 546, 662 A.2d 153 (1995); *Bank of Boston Connecticut* v.

*Schlesinger*, 220 Conn. 152, 158, 595 A.2d 872 (1991); *Thompson & Peck, Inc.* v. *Harbor Marine Contracting Corp.*, 203 Conn. 123, 131, 523 A.2d 1266 (1987); *Bead Chain Mfg. Co.* v. *Saxton Products, Inc.*, 183 Conn. 266, 274–75, 439 A.2d 314 (1981).

"Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Citations omitted; internal quotation marks omitted.) *Bank of Boston Connecticut* v. *Scott Real Estate, Inc.*, 40 Conn. App. 616, 621, 673 A.2d 558, cert. denied, 237 Conn. 912, 675 A.2d 885 (1996). The language in the contract before us contains definitive contract language.

"It is the general rule that a contract is to be interpreted according to the intent expressed in its language and not by an intent the court may believe existed in the minds of the parties." (Internal quotation marks omitted.) Id. "A contract is to be construed as a whole and all relevant provisions will be considered together. . . . In giving meaning to the terms of a contract, we have said that a contract must be construed to effectuate the intent of the contracting parties. . . . The intention of the parties to a contract is to be determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. . . . In interpreting contract items, we have repeatedly stated that the intent of the parties is to be ascertained by a fair and reasonable construction of the written words and that the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. A

court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity . . . . Similarly, any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms." (Citation omitted; internal quotation marks omitted.) *HLO Land Ownership Associates Ltd. Partnership* v. *Hartford*, 248 Conn. 350, 356–57, 727 A.2d 1260 (1999).

Here, the fact finder found that the parties contemplated an agreed price for the insurance coverage, which included a minimum payment. The trier also concluded that the term "minimum earned premium" was not ambiguous, as the defendant contends. During the trial, the defendant did not suggest an alternative meaning for the term, but claimed that the term had not been adequately explained before the defendant entered into the agreement.

"A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or laymen contend for different meanings." *Marcolini* v. *Allstate Ins. Co.*, 160 Conn. 280, 284, 278 A.2d 796 (1971). A party may not assert as a defense to an action on a contract that it did not understand what it was signing. "It is the general rule that a contract is to be interpreted according to the intent expressed in its language and not by an intent the court may believe existed in the minds of the parties." *Levine* v. *Massey*, supra, 232 Conn. 278. "The court may not relieve a party competent to contract from an improvident agreement." *Parks* v. *Baldwin Piano & Organ Co.*, 262 F. Sup. 515, 520 (D. Conn.), aff'd, 386 F.2d 828 (2d Cir. 1967).

On the basis of our review of the contract, we conclude that the court properly affirmed the fact finder's

determination that the term "minimum earned premium" was not ambiguous.

## II

In its second claim, the defendant maintains that the trial court failed to apply § 38a-160 et seq. to the circumstances of this case. We decline to review this issue. Whether the statutory provisions apply here depends on the facts found by the fact finder, specifically, whether the plaintiff was an insurance agent or broker to which the statute applied or whether it was an agent of the financing agency that the defendant intended to use to pay the annual premium. The parties failed to provide the trial court with a transcript of the hearing before the fact finder. The court cited *Beizer* v. *Goepfert*, 28 Conn. App. 693, 706–707, 613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1044 (1992), cert. denied, 507 U.S. 973, 113 S. Ct. 1416, 122 L. Ed. 2d 786 (1993), for the proposition that because the defendant did not provide a transcript of the hearing before the fact finder, it may be "assumed that such a transcript [was] not crucial to the objections to the fact finder's report." The court also stated that "[i]t is impossible for a reviewing court, without a transcript, to determine whether the subordinate facts found by the fact finder are supported by the evidence. See *Meadows* v. *Higgins*, 249 Conn. 155, 170 n.10, 733 A.2d 172 (1999)."

On appeal to this court, however, the defendant has provided a transcript of the hearing before the fact finder for our review. In this instance, the trial court sat as an appellate tribunal to review the fact finder's decision. On appeal here, the defendant asks this court to review the actions of the trial court. It is inherently unfair to ask this court to rule on the propriety of the trial court's judgment and to provide this court with information that was not before the trial court. For this court to review the transcript and judge the trial court's

decision is appeal by ambuscade, a practice to which we do not adhere; see *Baker* v. *Cordisco*, 37 Conn. App. 515, 522, 657 A.2d 230, cert. denied, 234 Conn. 907, 659 A.2d 1207 (1995); unless a manifest injustice would otherwise occur.

The judgment is affirmed.

In this opinion the other judges concurred.