[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves a claim by the plaintiff, Alliance Partners, Inc. (Alliance), against the defendant, Voltarc Technologies, Inc. (Voltarc), for unpaid fees for services rendered by Alliance to Voltarc. In its amended complaint dated June 15, 1998, Alliance alleges in the first of two counts that in August of 1993, the parties agreed that the plaintiff CT Page 6795 would perform consulting services for the defendant in connection with the defendant's relocation to new commercial space.
The fee was $4,000 for each of the first five months, and this was paid by the defendant. However, the plaintiff further alleges that the defendant agreed to pay a "commission's based on the value of any lease or option on property which the plaintiff brought to the attention of the defendant. The plaintiff also contends that after the first five months of the agreement expired, the plaintiff continued to perform consulting services for the defendant, including bringing to the defendant's attention a suitable facility in Waterbury. In the second count of the amended complaint, the plaintiff contends that the defendant was unjustly enriched.
The defendant filed an answer denying the material allegations of the complaint, except that it agreed that the defendant had contracted to lease and/or purchase certain commercial space in Waterbury. In addition, the defendant filed special defenses alleging that the plaintiff had violated General Statutes § 20-325a[1] by not having a written listing agreement, or any agreement in writing in violation of General Statutes § 52-550, the Statute of Frauds.[2]
The case was referred for trial to Attorney Kenneth B. Povodator, an attorney trial referee, in accordance with General Statutes § 52-434 (a) and Practice Book § 19-2A. The attorney trial referee conducted a trial and submitted a report finding the following facts: (1) a proposed contract between the parties was sent by the plaintiff to the defendant who never actually signed it, but the defendant acted in accordance with the agreement by paying the plaintiff $20,000 as provided therein; (2) the defendant signed an undated document addressed to "whom it may concern" which stated it had "retained" the plaintiff "to exclusively represent our Real Estate interests as they may pertain to acquiring approximately 150,000 square feet of light manufacturing space;" (3) if the plaintiff had been entitled to a commission under the real estate commission statute, the commission would have been approximately $395,000, but the plaintiff explicitly stated that it was not seeking recovery under that statute; (4) the plaintiff did not represent owners or lessors of realty but restricted its activities to providing consulting services to purchasers or to tenants considering relocating; (5) the plaintiff corporation was not a licensed real estate broker in this state; (6) during 1993 and 1994, the plaintiff exerted extensive and valuable efforts on behalf of the defendant, the bulk of which services were rendered before July 1, 1994; (7) in the spring of 1995, the defendant leased commercial space in Waterbury which had been brought to its attention by the plaintiff; (8) the plaintiff seeks a recovery based on the commission that a broker would have earned in this transaction; CT Page 6796 (9) the document that had been prepared by the plaintiff but not signed by the defendant, provided that "upon the purchase/lease of a property the fees paid to date by [the defendant] shall be deducted from the commission and rebated to [the defendant]. The balance of the commission shall be divided according to the attached Commission Savings Schedule. It is contemplated that such a commission shall be paid by the Landlord/Owner of the alternate premises;" (10) the notice by the defendant that it had retained the plaintiff provided that "[i]n the event we conclude a real estate transaction at your building, we expect you to pay [the plaintiff] one full commission on our behalf;" (11) the time sheets and records maintained by the plaintiff to justify its claim for compensation were of "dubious value" as some of the entries were obviously exaggerated; (12) some of the services performed by the plaintiff were in the nature of consulting services outside the scope of the real estate listing statute, General Statutes § 20-325a, viz., "[i]nvestigations concerning out-of-state properties, and inquiries concerning tax and other incentives for relocations;" (13) the value of these latter services is $25,000, less a proportionate share, $5,000, of the $20,000 previously paid by the defendant, or a net of $20,000; and (14) the remainder of the services performed by the plaintiff were encompassed by the definition of real estate services contained in General Statutes § 20-311 and hence the plaintiff may not recover for these services.
The attorney trial referee concluded, on the basis of the above findings of fact, that:
(1) the two documents together, the unsigned agreement and the notice by the defendant that it had retained the plaintiff, constituted a contract between the parties,[3] but the agreement did not satisfy General Statutes § 20-325a (b) in that it was not signed by the owner of the real estate and did not contain other requirements of the statute; (2) hence the plaintiff cannot maintain an action for a real estate commission under that statute; (3) if the plaintiff had been entitled to a commission under the real estate listing statute, the commission would have been approximately $395,000; (4) General Statutes § 20-325a was amended by Public Act 94-240, effective July 1, 1994, to permit equitable considerations in ruling on a cause of action seeking a real estate commission, but even under this more relaxed standard, the plaintiff did not comply with the statute as amended, and, furthermore, the majority of the plaintiff's services had been rendered prior to that amendment; (5) the plaintiff performed services for the defendant reasonably worth $100,000, less the $20,000 previously paid, or $80,000, but this sum must be further reduced to a net of $20,000 to reflect that most of the plaintiff's services were subject to the real estate listing agreement statute, and therefore are not recoverable; (6) $20,000 is recoverable from the defendant on the basis of quantum meruit; (7) the statute of frauds is not applicable because CT Page 6797 the parties partially performed the agreement by virtue of the $20,000 previously paid to the plaintiff; and (8) the plaintiff is entitled to prejudgment interest on the $20,000 commencing October 19, 1995, one month after the plaintiff submitted its invoice to the defendant. General Statutes § 37-3a.
As authorized by Practice Book § 19-14, the plaintiff filed objections to the report.[4] The objections are: (1) General Statutes § 20-325a is not applicable to this case because it does not involve a broker suing an owner, or lessor, for a real estate commission based on a listing agreement, but rather the plaintiff had a written consulting contract with a tenant seeking to relocate; (2) the action is based exclusively on a breach of that contract, and a "commission" is involved only because the plaintiff's fee was to be based thereon; (3) the lessor rented the premises to the defendant with a reduction in price of $595,677 on the lease because of its agreement with the defendant that a commission was not due and payable; and (4) the plaintiff should recover $395,534, its 70% agreed share of that "commission."
The defendant also filed objections to the report as follows: (1) the plaintiff, which is not a licensed broker and whose contract with the defendant did not comply with General Statutes § 20-325a, cannot recover under quantum meruit because the agreement on which a commission is sought does not comply with that statute; and (2) prejudgment interest cannot be awarded because the demand letter from the plaintiff sought a "commission" to which the plaintiff was not entitled.
This court's scope of review of an attorney trial referee's report was reiterated by the Supreme Court in Elgar v. Elgar, 238 Conn. 839,848-49, 679 A.2d 937 (1996). The court held that: "[a] reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book § 443 [currently § 19-17]. . . . The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.).
Pursuant to Elgar v. Elgar, supra, 238 Conn. 845-46, this court has two tasks to perform in reviewing an attorney trial referee's report. The CT Page 6798 first is to determine whether the "referee's findings of fact were supported by the evidence." Id. In this present case, the facts are not in dispute, but rather the applicability of General Statutes § 20-325a
is the issue. Moreover, the parties did not file a transcript of the trial before the attorney trial referee. The result of not furnishing such a transcript to the trial court was discussed by the Appellate Court in John M. Glover Agency v. RDB Building, LLC., 60 Conn. App. 640, 646,760 A.2d 980 (2000).
The second task for the court is to ascertain whether "the conclusions drawn therefrom were legally and logically correct." Elgar v. Elgar, supra, 238 Conn. 846. The court is obliged to "render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee." Anastasia v. Beautiful Your Hair Designs, Inc.,61 Conn. App. 471, 475, 767 A.2d 118 (2001). To the same effect is Practice Book § 19-17 ("The court shall render such judgment as the law requires upon the facts in the record").
The first issue is whether the plaintiff had a contract with the defendant. The referee made a factual finding that the parties did have a written agreement pursuant to which the defendant paid $20,000 to the plaintiff. This contract consisted of two separate writings, first a proposed agreement, and the second was the notice that the defendant had retained the plaintiff The fee for the first five months was paid by the defendant pursuant to the agreement of the parties.
The issue, however, is whether under the terms of the contract the plaintiff is entitled to any more money, having in mind that the attorney trial referee found that the plaintiff's efforts on behalf of the defendant were extensive and successful in finding property for the defendant to relocate in Waterbury. The attorney trial referee determined that the balance of the plaintiff's fee was to be based on a "commission" payable by the owner/lessor of the subject premises in Waterbury. It seems clear that the plaintiff cannot recover in this action any money based on a real estate commission. If that was the case, General Statutes §20-325a would bar any such recovery because, as the referee pointed out, the plaintiff is not a licensed broker and the contract does not comply with that statute, no matter how broadly interpreted.
If the plaintiff in this present action was seeking to recover compensation based on, for instance, an hourly rate, the statute would be completely inapplicable. The attorney trial referee's point, however, and the court believes it is logical and sound, is that the plaintiff seeks to recover on the basis of a real estate commission to be paid by the owner/lessor of the premises in Waterbury leased by the defendant. Once it agreed to this method of compensation, the plaintiff, according to the CT Page 6799 attorney trial referee, impliedly invoked General Statutes § 20-325a. In other words, calculating the measure of damages on the basis of a commission proved fatal to the plaintiff, a recommendation with which the court concurs. It follows that the plaintiff may not recover a commission as such because it is not licensed and the purported agreement between the plaintiff and the defendant did not comply with General Statutes § 20-325a.
The next issue is whether, in spite of its failure to comply with the real estate listing statute, the plaintiff may still recover on the basis of quantum meruit/unjust enrichment. The referee recommended that the plaintiff recover $25,000, less $5,000 representing a share of the $20,000 previously paid. The attorney trial referee drew a distinction between services performed by the plaintiff on behalf of the defendant which were within the scope of General Statutes § 20-325a, and those which fell without the scope of that statute. The recommendation to the court is that the plaintiff be compensated only for those services which were outside the statute, i.e., a net of $20,000. Thus, the referee determined that the plaintiff could not recover for those services which involve "engaging in the real estate business." General Statutes § 20-311.
This recommendation follows logically from his determination that once the plaintiff invoked General Statutes § 20-325a by seeking a commission from the owner/lessor based on the value of a lease, despite its protestations to the contrary, the plaintiff brought itself within the ambit of that statute.
"Quantum meruit arises out of the need to avoid unjust enrichment."Gagne v. Vaccaro, 255 Conn. 390, 401, 766 A.2d 416 (2001). This case discusses what a plaintiff must prove in order to recover on this basis, viz., (1) the defendant was benefitted, (2) the defendant unjustly failed to pay the plaintiff for the benefits, and (3) the failure of payment was to the plaintiff's detriment. Id., 409. This analysis was described as a "highly fact-intensive inquiry." Id. The attorney trial referee made this kind of inquiry and recommended that the plaintiff recover a net of $20,000 for services benefitting the defendant but not excluded by General Statutes § 20-325a. This recommendation is accepted as it represents a factual inquiry and is legally and logically consistent with the facts found by the attorney trial referee.
Thus, judgment may enter for the plaintiff to recover $20,000. As to prejudgment interest, General Statutes § 37-3a, it is well recognized that whether money due a plaintiff was "wrongfully withheld" presents an issue of fact for the trier of fact. Foley v. Huntington Company,42 Conn. App. 712, 738, 682 A.2d 1026, cert. denied 239 Conn. 931,683 A.2d 397 (1996). Hence, the objection of the defendant is overruled. CT Page 6800 Interest on $20,000 at 10% from October 19, 1995, to the date of judgment amounts to $11,203.36, for a total recovery for the plaintiff of $31,203.36.
Costs are to be taxed in favor of the plaintiff by the chief clerk of this court in accordance with General Statutes § 52-257 and Practice Book § 18-5.
So Ordered.
Dated at Stamford, Connecticut, this 24th day of May, 2001.
William B. Lewis, Judge