[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (#112)
The plaintiff has brought a post-judgment motion for contempt. The matter came on the calendar on May 3, 2001. Both parties were given three (3) weeks to file briefs.
The contempt involves the alleged failure of the defendant to comply with Article VIII, 8.3 of the Separation Agreement which was incorporated in the judgment by reference.
 "8.3. The Husband's pension and TDA Retirement shall be divided such that the wife shall receive a total of six hundred ten thousand ($610,000.00) dollars from said funds, together with any gains or losses on said amount from November 17, 1999 until transferred to her own accounts. The Husband shall have sole discretion as to the fund or funds form (sic) which the six hundred ten thousand ($610,00.00) dollars shall be allocated to the wife. . . ."
 THE AGREEMENT
The language of the Separation Agreement is very clear; as of November 17, 1999, the plaintiff was entitled to dominion and control over $610,000.00. If it took time to accomplish the transfer of dominion and control, she was to enjoy gains and/or suffer losses.
While the defendant had a right to select which funds he ceded to the plaintiff's dominion and control he did not retain any right to determine that the assumption of dominion and control would be delayed.
If unable to comply with his agreement from one source, the defendant obviously lost some of his `choice' options. CT Page 9714
There is nothing in the agreement which permits or encompasses defendant's argument. It is clear he does not like the deal he made, with twenty/twenty hindsight.
This plaintiff clearly dealt for dominion and control over the assets in dispute. The defendant is trying to defeat the bargain agreed to between the parties. ". . . where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms." Glover v. RDB, 60 Conn. App. 640 (644) 2000.
 THE CONTEMPT No evidence was offered by plaintiff on the issue of wilfulness of the defendant's apparent flaunting of the terms of the judgment. Thus, this court is without authority to enter a finding of contempt. As a result of that inability and the lack of appropriate affidavits, the court cannot and does not enter any award of fees or costs.[1]
 THE REMEDY
The defendant will comply with a lump sum transfer QDRO within five (5) days of submission by the plaintiff.
DANIEL E. BRENNAN, JR., J.