[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a claim of vexatious litigation by the plaintiff, Norman Kaufman, against the defendant, Cornerstone Bank (Cornerstone), arising out of a suit brought by the defendant against the plaintiff on a promissory note. In his complaint, the plaintiff alleges that in October, 1996, Cornerstone began a civil suit against him claiming that he was indebted to the defendant because of an unpaid promissory note. Furthermore, the plaintiff alleges that in August, 1998, the defendant withdrew its action against him. The plaintiff claims that the 1996 action was brought "without probable cause and with a malicious intent unjustly to vex and trouble him." The plaintiff seeks monetary damages and enhanced damages as authorized by General Statutes § 52-568.[1]
The defendant filed an answer denying that it brought its suit against the plaintiff with malicious intent and without probable cause. CT Page 12391
The case was referred for trial to Attorney Steven A. Certilman, an attorney trial referee, in accordance with General Statutes § 52-434
(a) and Practice Book § 19-2A. The referee conducted a trial and submitted a report finding the following facts: (1) the note upon which the defendant's underlying suit was based involved a loan given by the defendant Cornerstone in the amount of $23,000 to Lynn J. Mascia so she could purchase a condominium; (2) Mascia was a longtime employee of a company owned by the plaintiff; (3) when the note went into default, the defendant made a demand for payment upon the plaintiff as co-maker; (4) the plaintiff denied that he signed the note and gave the defendant a forgery affidavit; (5) the defendant procured the services of a handwriting expert who testified that the plaintiff had in fact signed the note; (6) the plaintiff-was not present at the closing held in the office of Cornerstone's attorney in Madison; (7) none of the defendant's witnesses testified that he or she actually witnessed the plaintiff signing the note in question; (8) the plaintiff was friendly with Cornerstone's president and other senior staff members; (9) the defendant loaned the money to Mascia on condition that the plaintiff sign as a co-maker of the promissory note; and (10) "for unknown reasons, defendant withdrew the underlying action [against the plaintiff] on August 5, 1998."
The attorney trial referee concluded, on the basis of the above findings of fact, that: (1) the plaintiff did not prove his allegation that the defendant lacked probable cause to commence and prosecute its action against him; and (2) the defendant had reasonable grounds to bring the suit against the plaintiff. Thus, the referee recommended that judgment enter in favor of the defendant.
As authorized by Practice Book § 19-14, the plaintiff filed his objections to the report.[2] The objections are that: (1) the attorney trial referee was mistaken in his finding that the defendant bank conditioned its loan to Mascia on the signature of the plaintiff as co-maker; (2) the referee was mistaken in his conclusion that the defendant had reasonable grounds for commencing and prosecuting its action against the plaintiff because it subsequently modified its original note with Mascia and did not require a guarantor; (3) the attorney trial referee was mistaken in inferring that because the plaintiff did not personally attend the closing in Madison, he most likely signed the loan papers in Stamford where his office was located and in advance of the actual closing; and (4) the referee was mistaken in making a finding on the authenticity of the plaintiff's signature because the issue in this present case was whether the defendant had probable cause to commence and prosecute the suit on the note. CT Page 12392
Practice Book § 19-17(a) concerns the function of this court in reviewing reports of attorney trial referees and provides that: "[t]he court shall render such judgment as the law requires upon the facts in the report. If the court finds that the . . . attorney trial referee has materially erred in its rulings or that there are other sufficient reasons why the report should not be accepted, the court shall reject the report and refer the matter to the same or another . . . attorney trial referee . . . for a new trial or revoke the reference and leave the case to be disposed of in court." Practice Book § 19-17(a).
This court's scope of review of an attorney trial referee's report was reiterated by the Supreme Court in Elgar v. Elgar, 238 Conn. 839,679 A.2d 937 (1996). In that case, the court held that: "[a] reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book § 443 [currently § 19-17]. . . . The factual findings of a[n] [attorney trial referee] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.). Id., 848-49.
Consequently, this court generally has two tasks to perform in reviewing an attorney trial referee's report. The first task is to determine whether the "referee's findings of fact were supported by the evidence." Elgar v. Elgar, supra, 238 Conn. 845. In this present case, the parties did not file a transcript of the trial. The result of not furnishing such a transcript to the trial court is that the facts as found by the attorney trial referee are accepted. John M. Glover Agencyv. RDB Building, LLC., 60 Conn. App. 640, 646, 760 A.2d 980 (2000). See also Meadows v. Higgins, 249 Conn. 155, 170 n. 10, 733 A.2d 172 (1999).
The second task for this court is to ascertain whether "the conclusions drawn [from the facts] were legally and logically correct." Elgar v.Elgar, supra, 238 Conn. 846. The court is obliged to "render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee.' Anastasia v. Beautiful Your HairDesigns, Inc., 61 Conn. App. 471, 475, 767 A.2d 118 (2001). See also Practice Book § 19-17 ("The court shall render such judgment as the law requires upon the facts in the record"). CT Page 12393
The objections filed by the plaintiff challenge the referee's findings of fact but, for the reason stated previously, these factual findings cannot be successfully challenged. The referee's determinations regarding whether it was reasonable for the defendant to conclude that the plaintiff had signed the promissory note in question are in the last analysis a determination of the credibility of the witnesses. "Great deference is given to the trial court's findings [regarding the facts of a case] because the trial court is responsible for weighing the evidence and determining the credibility of witnesses." Beizer v. Goepfert,28 Conn. App. 693, 704-05, 613 A.2d 1336, cert. denied, 224 Conn. 901,615 A.2d 1044 (1992), cert. denied, 507 U.S. 973, 113 S.Ct. 1416,122 L.Ed.2d 786 (1993).
It is clear that the referee chose to believe the testimony offered by the defendant regarding its intent about initiating the suit. "In making this explicit factual determination, the attorney trial referee implicitly found certain witnesses to be credible and believable in their testimony. This was precisely her function as a fact finder." Nor'easterGroup, Inc. v. Colossale Concrete, Inc., 207 Conn. 468, 473, 542 A.2d 692
(1988). "The finder of fact is in a better position to determine the credibility of witnesses and the weight to be accorded their testimony."Beizer v. Goepfert, supra, 28 Conn. App. 706.
Once the facts are accepted, the sole remaining issue is whether the referee's conclusion that the plaintiff did not prove his claim of vexatious litigation follows logically and legally from those facts." A vexatious litigation suit is a type of malicious prosecution action, differing principally in that it is based upon a prior civil action, whereas a malicious prosecution suit ordinarily implies a prior criminal complaint." Vandersluis v. Weil, 176 Conn. 353, 356, 407 A.2d 982
(1978). To establish a cause of action for vexatious litigation, "it is necessary to prove want of probable cause, malice and a termination of suit in the plaintiff's favor. . . . Probable cause is the knowledge of facts sufficient to justify a reasonable person in the belief that there are reasonable grounds for prosecuting an action. . . . The existence of probable cause is an absolute protection." (Citations omitted; internal quotations marks omitted.) Norse Systems, Inc. v. Tingley Systems, Inc.,49 Conn. App. 582, 593, 715 A.2d 807 (1998).
"For the purposes of a vexatious suit action, [t]he legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary precaution, prudence and judgment, under the circumstances, in entertaining it. . . . Probable cause is the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner CT Page 12394 complained of. . . . Thus, in the context of a vexatious suit action, the defendant lacks probable cause if he lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted." (Citations omitted; internal quotation marks omitted.) Norse Systems,Inc. v. Tingley Systems, Inc., supra, 49 Conn. App. 594.
The attorney trial referee, in concluding that the plaintiff did not prove his claim of vexatious litigation, pointed out that the defendant employed a handwriting expert to verify the authenticity of the plaintiff's signature on the promissory note, and that Cornerstone made the loan to Mascia on condition that the plaintiff co-sign the note. The referee's recommendation that judgment enter for the defendant follows legally and logically from his findings of fact. Thus, no material error in the report has been found, and there is no other sufficient reason for rendering the report unacceptable. See Practice Book § 19-17(a).
Accordingly, judgment may enter for the defendant on the complaint. Costs are to be taxed in favor of the defendant by the chief clerk of this court in accordance with General Statutes § 52-257 and Practice Book § 18-5.
So Ordered.
William B. Lewis, Judge T.R.