[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: PLAINTIFFS' OBJECTION TO THE REPORT OF THE ATTORNEY TRIAL REFEREE
This matter came before the court at short calendar on April 15, 2002, for consideration as to whether judgment should enter in accordance with an attorney trial referee's report. At that time, the parties presented oral argument concerning the objection, dated March 13, 2002, filed by the plaintiffs, Robert and Cathye Grabarek, to the report of the attorney trial referee (ATR), rendered after trial, which was filed on February 20, 2002 (#135) (the report).
The trial transcript was presented to the court. Having reviewed the record and the report, and having considered the objection, as well as the parties' written and oral arguments, the court now issues this memorandum of decision.
 I. BACKGROUND
The plaintiffs, Robert and Cathye Grabarek, allege in their complaint, dated June 9, 2000, that the defendants, Jay Londin (Londin) and J's Construction Masonry, Inc. (J's Construction), agreed to provide certain home improvement/construction services to the plaintiffs' property. The plaintiffs allege that the defendants failed to complete the work and to provide materials that the defendants were paid in advance to deliver. In six counts, the plaintiffs allege actions for breach of contract (count one), intentional breach of contract (count two), negligent misrepresentation (count three), reckless misrepresentation (count four), intentional misrepresentation (count five) and a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110 (a) et seq. (CUTPA) (count six). The plaintiffs allege that they overpaid the defendants and are entitled to money damages.
The defendants filed an original answer and a counterclaim on September CT Page 8579 8, 2000. Subsequently, they filed an amended answer and counterclaim, dated November 6, 2001. The defendants allege in the counterclaim that the plaintiffs have refused to pay the defendants sums due and owing pursuant to a written contract. The defendants also allege that the plaintiffs owe them a total of $416,540.00. On October 3, 2000, the plaintiffs filed an answer and special defenses to the original counterclaim. The plaintiffs allege in their five special defenses that any damages suffered by the defendants were caused by their own breach of the agreement (First Special Defense); J's Construction, if found to be neither a de facto or a de jure corporation, lacks standing to assert the counterclaim (Second Special Defense); any contract alleged to exist does not comply with the Home Improvement Act (Third Special Defense); any contract alleged to exist was procured by fraud and misrepresentation (Fourth Special Defense); and that the defendant was fully paid (Fifth Special Defense).
This case was referred to an attorney trial referee (ATR). The ATR heard the case on November 27-28, 2001. On February 20, 2002, the ATR submitted a report. The ATR made the following findings of fact and conclusions of law. On or about March 3, 1999, J's Construction, a de facto corporation, "agreed to provide certain "home improvement' construction services to the plaintiff's property." (Report, ¶ 3.) Londin was not a party to the agreement and the work that the defendants were hired to do did not involve any "land or building or portion of land or building used or designed to be used as a private residence, dwelling place or residential real property. The building that was the subject of the agreement was a barn being converted to use exclusively as an office and place of business."(Report, ¶ 3.) A contract existed between the plaintiffs and J's Construction which the ATR concluded "was not a statutory home improvement contract for home improvements. . . ." (Report, ¶¶ 11, 23.) J's Construction gave the plaintiffs a written estimate for the work and the ATR concluded that the plaintiffs did not prove that this estimate obliged either defendant to complete the work for the price in the estimate. (Report, ¶¶ 4, 5.) Further, the ATR stated that the plaintiffs did not prove that either defendant failed to complete work that they had an obligation to perform or that they failed to provide materials owed to the plaintiffs. (Report, ¶¶ 5, 9.) In addition, the ATR found that the plaintiffs did not meet their burden of proof on the allegations of breach of contract, negligent misrepresentation, reckless misrepresentation, intentional misrepresentation and violation of CUTPA. (Report, ¶¶ 11-20.)
With respect to the defendants' claims, the ATR found that the salient allegations had not been proven. (Report, ¶¶ 24-27.)[1] The ATR recommended that judgment enter for the defendants on all counts of the plaintiffs' complaint and that judgment enter for the plaintiffs on the CT Page 8580 defendants' counterclaim. The defendants have not objected to the ATR's findings concerning the counterclaim.
On March 13, 2002, the plaintiffs filed, pursuant to Practice Book § 19-14,[2] an objection to the attorney trial referee's report. The plaintiffs' objection asserts that the conclusions of fact stated by the attorney trial referee were not properly reached on the basis of the subordinate facts found,[3] the attorney trial referee erred in the application of the law to the evidence and the attorney trial referee erred in rulings of law and upon evidence. Specifically, the plaintiffs argue that the trial referee erred by concluding that the Home Improvement Act did not apply to the facts presented, by not finding for the plaintiffs on their allegations of misrepresentation and fraud, by not concluding that J's Construction breached its contract with the plaintiffs and in concluding that J's Construction was a de facto corporation.
 II. STANDARD OF REVIEW
Practice Book § 19-17(a) concerns the function of this court in reviewing reports of attorney trial referees and provides that: "[t]he court shall render such judgment as the law requires upon the facts in the report. If the court finds that the . . . attorney trial referee has materially erred in its rulings or that there are other sufficient reasons why the report should not be accepted, the court shall reject the report and refer the matter to the same or another . . . attorney trial referee . . . for a new trial or revoke the reference and leave the case to be disposed of in court."
The Supreme Court, in Killion v. Davis, 257 Conn. 98, 102-03,776 A.2d 456 (2001), held that the court's role in reviewing an ATR's report is as follows: first, "the trial court must review the referee's entire report to determine whether the recommendations contained in it are supported by findings of fact in the report." (Internal quotation marks omitted.) Id., 102. Second, the court must insure that the report does not contain "legal conclusions for which there are no subordinate facts." (Internal quotation marks omitted.) Id.[4] Third, the report must be reviewed to determine if it is "legally and logically correct." (Internal quotation marks omitted.) Id. In this case, a transcript of the trial before the ATR was provided in accordance with Practice Book §19-14, effective January 1, 2001, and, therefore, a preliminary task for this court is to determine whether there is evidence in the record to substantiate the factual findings made by the referee. John M. GloverAgency v. RDB Building, L.L.C., 60 Conn. App. 640, 646, 760 A.2d 980
(2000). CT Page 8581
Other principles governing ATR reports provide that "[a] reviewing authority may not substitute its findings for those of the trier of facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. . . . This court has articulated that attorney trial referees and factfinders share the same function . . . whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court." (Internal quotation marks omitted.) Killion v.Davis, supra, 257 Conn. 102. "The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) Meadows v. Higgins, 249 Conn. 155, 162,733 A.2d 172 (1999).
 I. DISCUSSION A. The Home Improvement Act
In their memorandum of law in support of their objection, the plaintiffs argue that they have proved their CUTPA claim, based on a violation of the Home Improvement Act (HIA), General Statutes § 20-418
et seq. The counterclaim alleges an action for breach of contract against the plaintiffs. The plaintiffs asserted five special defenses, including that any contract alleged to exist does not comply with the HIA. The ATR's report states that the work at issue in this case "did not involve any land or building or portion of land or building used or designed to be used as a private residence, dwelling place or residential real property." (Report, ¶ 3); see also General Statutes § 40-419 (4).[5] Thus, the ATR concluded that the plaintiffs and J's Construction did not enter into "a statutory home improvement contract for home improvements on the plaintiffs' property. . . ." (Report, ¶ 23.)
The plaintiffs contend that the defendants' admission in their answer, that they agreed to perform certain "home improvement" services for the plaintiffs, is a binding judicial admission. Thus, the plaintiffs argue that the ATR erred in finding that the HIA did not apply. The defendants assert that they did provide home improvement services with respect to the plaintiffs' residence, however, this case involves construction work on a barn located on the plaintiffs' property, not the plaintiffs' home. Thus, the defendants claim that the HIA is inapplicable. CT Page 8582
Under the HIA, services furnished for commercial or business uses are outside the scope of the act. See General Statutes § 20-419 (4)(C);Fink v. Olson, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 335948 (November 19, 1996, Stevens, J.) (18 Conn.L.Rptr. 259); Turnberg v. Lord, Superior Court, judicial district of Tolland at Rockville, Docket No. 44114 (May 13, 1992,Klaczak, J.) (trial court declined to extend definition of home improvement under the act to include the construction of barns). The party intended to be protected under the HIA "was the home owner of a private residence who resided at that dwelling. . . ."Campbell Co. v. Gryckiewz, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 441254 (January 15, 1991, Aronson, J.).
The first task for the court is to determine whether there is support in the record for the ATR's findings of fact that the HIA did not apply in this case. The plaintiff, Cathye Grabarek, testified that she and her husband intended to convert the barn into an office space used for business. (Transcript, November 27, 2001, p. 22, lines 18-23; p. 25, lines 25-27, p. 26, lines 1-8, wherein the witness referred to Plaintiffs' Exhibit 3, which is discussed below in footnote 6.) She distinguished the work done on the barn from that done by Londin on her residence, which is also located on the property. (Transcript, November 27, 2001, p. 23, lines 6-27.) Jay Londin testified that the estimate he provided to the plaintiffs concerning the work which was the subject of this action was for a one-story addition to the back of a barn. (Transcript, November 28, 2001, p. 3, lines 2-7, referring to Plaintiffs' Exhibit 3.) He explained that he had one contract for work related to the house and another for work related to the barn, of which there were two phases. (Transcript, November 27, 2001, p. 166, lines 1-7.) A review of the transcript indicates there is sufficient support in the record for the ATR's finding that the construction involved renovations to a barn, which was to be used for commercial purposes. (Report, ¶ 3.)
The next issue is whether the referee's conclusion that the contract between the plaintiffs and J's Construction was not a statutory home improvement contract follows logically and legally from those facts. SeeKillion v. Davis, supra, 257 Conn. 103. Based on the facts found, the attorney trial referee's legal conclusion is correct. The ATR found that the renovations were to a structure which was to be used for business purposes. The work involved in this case was not performed on the plaintiffs' residence. The ATR's finding was not clearly erroneous.
The plaintiffs do not claim that the trial record before the ATR shows that the work in dispute was residential in nature. Instead, as noted, they assert that the defendants' answer admitted that it was. (See CT Page 8583 plaintiff's Memorandum of Law, pp. 7-11.) In the complaint, first count, paragraph 3, the plaintiffs allege that "[o]n or about March 3, 1999, the Defendants agreed to provide certain home improvement, construction services to the Plaintiff's [sic] property." In their initial answer (#109), this paragraph of the complaint was admitted. In their amended answer (#128), the defendants responded to this allegation as follows: "[t]he defendants admit that Jay Londin Construction, Inc. d/b/a J's Construction Masonry, Inc. agreed to provide home improvement construction services to the plaintiff's [sic] property; the defendants deny that Jay R. Londin entered into said agreement."
Further, in the complaint, the plaintiffs allege, in paragraph 4 of the first count, that a written estimate was provided, and signed by the plaintiffs, a copy of which was attached to the complaint as Exhibit A. Exhibit A, which is undated, states that the work in question was "for addition to barn office."[6]
Our Supreme Court recently reiterated the principles which govern judicial admissions. "`Factual allegations contained in pleadings upon which the case is tried are considered judicial admissions and hence irrefutable as long as they remain in the case.' (Internal quotation marks omitted.) West Haven Sound Development Corp. v. West Haven,201 Conn. 305, 312, 514 A.2d 734 (1986); see State v. Rodriquez,180 Conn. 382, 396, 429 A.2d 919 (1980) (noting that `[t]he vital feature of a judicial admission is universally conceded to be its conclusiveness upon the party making it, i.e. the prohibition of any further dispute of the fact by him, and any use of evidence to disprove or contradict it' [internal quotation marks omitted]); Cassidy v. Southbury, 85 Conn. 221,224, 82 A. 198 (1912) (`It was not necessary for the defendant to prove what the plaintiff admitted by the pleadings. . . . An admission in pleading dispenses with proof, and is equivalent to proof. . . .')" (Citation omitted.) Ferreira v. Pringle, 255 Conn. 330, 345, 766 A.2d 400
(2001).
Nevertheless, an admission of fact must be seen in context. At trial, a party may seek to withdraw, explain, or modify his admission. See Ferreirav. Pringle, supra (quoting West Haven Sound Development Corp. v. WestHaven, supra, 201 Conn. 312). Here, the record reflects that there was work done by J's Construction that was of a residential nature. That is the gravamen of the admission to paragraph 3, quoted above. However, there is evidence in the record to the effect that it was not that work which was the subject of this dispute. Rather, there is evidence that the work in dispute involved the "addition to barn office." Paragraph 4 of the first count of the plaintiffs' complaint, which incorporated Exhibit A, is also a judicial admission to that effect. Thus, the ATR's conclusion about the non-residential nature of the work involved is CT Page 8584 logically correct and is supported by the findings of fact. Accordingly, it should not be disturbed.[7]
 B. Fraud/Misrepresentation
The plaintiffs also argue that the ATR erred in not finding in their favor on the allegations of misrepresentation and fraud as against the defendants. The plaintiffs assert that the defendants misrepresented what the initial quote was for. The plaintiffs contend that they requested an estimate for a two-story addition to the barn and that, in response, the defendants provided them with a quote for a one-story addition only. The plaintiffs claim that the defendants did not tell them that the proposal was for a one-story addition rather than the two-story addition that they requested, and that this amounted to misrepresentation and fraud. Further, the plaintiffs argue that there was sufficient proof at the trial to establish that they are entitled to relief on their claims for negligent, reckless and intentional misrepresentation.
There is conflicting evidence in the record regarding the scope of work. The plaintiffs testified that the original estimate provided by the defendants, in the amount of $43,280.00, was for a two-story addition to the barn. (Transcript, November 27, 2001, p. 25, lines 25-27, p. 26, lines 1-2, p. 135, lines 14-16.) Londin testified that the original estimate was only for a one-story addition. (Transcript, November 28, 2001, p. 3, lines 4-7.) He also stated that, "there was a lot of changes as we went along." (Transcript, November 28, 2001, p. 3, lines 24-25.) In addition, Londin testified that, after the work began, he was asked to add a second floor. (Transcript, November 28, 2001, pp. 6-10.) He testified also that he did not see any drawings concerning the second floor before he prepared the original estimate (plaintiffs' Exhibit 3) for the first floor work. (Transcript, November 28, 2001, p. 3, lines8-18). He stated that no specific price for the added work was discussed, because the work was being done on a time and material basis. (Transcript, November 28, 2001, p. 10, lines 21-23.)
Upon conflicting evidence, it is within the province of the trier of fact to judge the credibility of the witnesses and to draw proper inferences. Levy, Miller, Maretz, L.L.C. v. Vuoso, 70 Conn. App. 124,131, ___ A.2d ___ (2002). It is clear that the referee chose to believe the testimony offered by Londin and not that of the plaintiffs regarding what the estimate was for. "In making this explicit factual determination, the attorney trial referee implicitly found certain witnesses to be credible and believable in their testimony. This was precisely [his] function as a fact finder." Nor'easter Group, Inc. v.Colossale Concrete, Inc., 207 Conn. 468, 473, 542 A.2d 692 (1988). "The finder of fact is in a better position to determine the credibility of CT Page 8585 witnesses and the weight to be accorded their testimony." Beizer v.Goepfert, 28 Conn. App. 693, 706, 613 A.2d 1336, cert. denied,2247 Conn. 901, 613 A.2d 1336 (1992), cert. denied, 507 U.S. 973,113 S.Ct. 1416, 122 L.Ed.2d 786 (1993). Therefore, this court is bound to accept the factual findings by the ATR. Tarka v. Filipovic,45 Conn. App. 46, 54, 694 A.2d 824, cert. denied, 242 Conn. 903,697 A.2d 363 (1997). These findings are not clearly erroneous.
Next, the court must determine whether the report is legally and logically correct. "The essential elements of a cause of action in fraud are: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury. . . . All of these ingredients must be found to exist; and the absence of any one of them is fatal to a recovery. . . . Additionally, [t]he party asserting such a cause of action must prove the existence of the first three of [the] elements by a standard higher than the usual fair preponderance of the evidence, which higher standard [the court has] described as `clear and satisfactory' or "clear, precise and unequivocal.'" Anastasia v.Beautiful You Hair Designs, Inc., 61 Conn. App. 471, 477, 767 A.2d 118
(2001). A claim for negligent and reckless misrepresentation also requires that a plaintiff allege that a defendant provided false information which was relied on by the plaintiff and caused the plaintiff to suffer damages.[8] Williams Ford, Inc. v. Hartford Courant Co.,232 Conn. 559, 575, 657 A.2d 212 (1995).
In this case, the ATR found that "[t]he plaintiffs did not prove that either one of the defendants acted falsely and fraudulently with actual intent to deceive in dealings with the plaintiffs." (Report, ¶ 14.) In addition, the ATR found that any representations made by the defendants were not untrue and that the plaintiffs did not rely upon these representations. (Report, ¶ 16.) Finally, the ATR concluded that the plaintiffs were not damaged by any representations made by the defendants. (Report, ¶ 16.) The ATR's report fully supports his conclusions that plaintiffs did not prove their allegations of negligent, reckless and intentional misrepresentation. Thus, the ATR's report is logically and legally correct.
 C. Breach of Contract
The plaintiffs' next claim is that the ATR's conclusion that the plaintiffs did not prove that J's Construction breached its contract with the plaintiffs is incorrect. The plaintiffs argue that the testimony presented to the ATR indicates that J's Construction breached its contract with the plaintiffs. The ATR found that the plaintiffs did not prove that CT Page 8586 J's Construction or Londin failed, refused or neglected to complete required work or deliver materials owed to the plaintiffs; (Report, ¶ 9.) The ATR also found that the plaintiffs did not prove that they sustained damage as a result of any alleged breach. (Report, ¶ 12.)
The court will review the transcript to determine if there is support in the record for the ATR's findings. It is well recognized that whether a contract has been breached is an issue of fact for the trier of fact.Bowman v. 1477 Central Avenue Apartments, Inc., 203 Conn. 246, 257,524 A.2d 610 (1987).
After reviewing the record, it is clear that the referee chose to believe the testimony offered by the defendants and not that of the plaintiffs regarding the contract terms and whether there was a breach. Londin testified that the contract did not contain a fixed price, a start date or an end date. (Transcript, November 27, 2001, p. 166, lines 8-16.) Cathye Grabarek testified that the contract price would vary based upon the scope of the job. (Transcript, November 27, 2001, p. 51-52.) She also testified that there was not a fixed contract price. (Transcript, November 27, 2001, p. 53, lines 15-16.) Londin testified that he did not walk off of the job but that Robert Grabarek fired him and kept him from coming back onto the property. (Transcript, November 28, 2001, p. 22-23.)
The ATR found that the plaintiffs had not proved breach of contract. In making this finding, "the attorney trial referee implicitly found certain witnesses to be credible and believable in their testimony. This was precisely [his] function as a fact finder." Nor'easter Group, Inc. v.Colossale Concrete, Inc., supra, 207 Conn. 473. As stated earlier, "[t]he finder of fact is in a better position to determine the credibility of witnesses and the weight to be accorded their testimony." Beizer v.Goepfert, supra, 28 Conn. App. 706.[9] The determination that the plaintiffs did not prove breach of contract is supported by the facts in the record.
In addition, the ATR concluded that the plaintiffs did not prove that they sustained damage as a result of any breach of contract by either defendant. "In making its assessment of damages for breach of [any] contract the trier must determine the existence and extent of any deficiency and then calculate its loss to the injured party. The determination of both of these issues involves a question of fact which will not be overturned unless the determination is clearly erroneous." (Internal quotation marks omitted.) Maloney v. PCRE, L.L.C.,68 Conn. App. 727, 741, 793 A.2d 1118 (2002).
As noted above, it was the ATR's province to assess the credibility of the witnesses. He found that no breach occurred; as stated above, there CT Page 8587 is support in the record for this finding. Thus, the ATR's finding, that the plaintiffs did not prove that they sustained damage as a result of any breach of contract by either defendant is supported by the evidence. The ATR's findings concerning the plaintiffs' breach of contract claim are not clearly erroneous.
The next issue is whether the ATR's conclusions are logically and legally correct. "An action for breach of contract requires proof of three elements: (1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party and (4) damages." (Internal quotation marks omitted.) Ferrone v. Resnick, Superior Court, judicial district of New Haven at New Haven, Docket No. 443779 (February 20, 2002, Meadow, J.T.R.). The ATR's conclusion that the plaintiffs did not prove breach of contract follows logically and legally from his findings of fact.
 D. De Facto Corporation
The plaintiffs also object to the ATR's finding that J's Construction was a de facto corporation. (Report, ¶ 3.) The plaintiffs argue that no evidence was presented that the defendants took steps in good faith towards incorporation. The plaintiffs also assert that no documents of incorporation were filed with the state and that there was no evidence presented that J's Construction conducted itself as a corporation.
Connecticut recognizes the de facto corporation doctrine "where there is a law authorizing such a corporation and where the company has made an effort to organize under the law and is transacting business in a corporate name." (Internal quotation marks omitted.)Clark-Franklin-Kingston Press v. Romano, 12 Conn. App. 121, 125,529 A.2d 240, cert. denied, 205 Conn. 803, 531 A.2d 935 (1987). "A de facto corporation is an apparent corporate organization asserted to be a corporation by its members and actually existing as such, but lacking the creative fiat of the State." Id. "The de facto corporation doctrine is used primarily where . . . a party has done business with the corporation as a corporation, . . . the corporation actually exists for all practical purposes, but because of a failure to comply with some provision of the law. has no legal right to corporate existence as against a direct attack by the state, and . . . where a party attempts to take advantage of the corporation's failure to comply with the requisite state provisions for incorporation by bringing suit against the corporate officers, and or shareholders, in their individual capacities." Travell v. Kelly, Superior Court, judicial district of New London at New London, Docket No. 539344 (March 12, 1997, Hurley, J.T.R.).
Contrary to the plaintiffs' assertion, after reviewing the transcript, CT Page 8588 this court finds that there are sufficient facts in the record to support the ATR's finding that J's Construction was a de facto corporation. William Woods, Londin's accountant and attorney, testified that he prepared the appropriate documents to set up a corporation in the name of J's Construction, Inc. and submitted them to the secretary of state. (Transcript, November 28, 2001, p. 121-22.) Woods also testified that the documents were sent back because the secretary of state did not accept the corporation's name. (Transcript, November 28, 2001, p. 122.) Woods testified that he resubmitted the documents under the name of Jay's Construction, Inc. and, again, they were returned because the name of the corporation was already taken or too similar to another corporation's name. (Transcript, November 28, 2001, p. 122.) Finally, Woods testified that once again he submitted the documents under the name of Jay Londin Construction, Inc. and that he did not receive a rejection from the secretary of state. (Transcript, November 28, 2001, p. 122.)
In addition, Londin testified that he always did business as a corporation. (Transcript, November 27, 2001, p. 172, lines 24-26.) There was also evidence that he had maintained a corporate checking account and filed corporate tax returns. (Transcript, November 27, 2001, p. 173; November 28, 2001, pp. 51-55, plaintiffs' Exhibits 19-22.) Cathye Grabarek testified that the heading on a billing statement that she received from the defendants stated "Jay's Construction Masonry, Inc." (Transcript, November 27, 2001, p. 72.)
The record supports the ATR's finding that Jay Londin Construction, Inc. was a de facto corporation doing business under the trade name of J's Construction Masonry, Inc. There was evidence that the defendants attempted to incorporate and the testimony indicates that the corporation held itself out as a corporation. Thus, the ATR's finding is supported by the facts in the record and is not clearly erroneous. His conclusion follows logically and legally from his findings of fact.
 CONCLUSION
For the reasons stated herein the plaintiffs' objection is overruled. Judgment may enter in accordance with the ATR's report. It is so ordered.
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT