[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT
This is a medical malpractice case in which the defendants, Youssef Horanieh, M.D. and Surgical Group P.C., have brought a motion for partial summary judgment as to liability, claiming that the plaintiffs have failed to set forth a prima facie case with regard to the Fifth and Sixth Counts of the Complaint. These counts allege that the defendant, Horanieh, in performing a surgical procedure on the plaintiff, Michael Piteau, committed assault and battery. Count Five refers to the plaintiff Michael Piteau and Count Six refers to his spouse, Patricia Piteau, claiming loss of consortium.
The underlying facts in this case, as alleged by the plaintiff, are that the defendant, Dr. Horanieh, and the plaintiff signed an "Informed Consent" form providing for the doctor to perform a "diagnostic laparoscopy and appendectomy." The form was provided by St. Francis Hospital where the operation was to take place. During the plaintiffs surgery on January 11, 1999 at St. Francis Hospital, the defendant, Youssef Horanieh, failed to remove the plaintiff's appendix and performed a bowel resection, known as an ileocecal resection, without the plaintiffs authorization or consent. Plaintiff further alleges that if the defendant had requested such consent, he would have selected not to undergo the procedure and would have been spared injuries, damage and suffering. In Paragraph 11 of his Complaint, the plaintiff maintains that the ileocecal resection procedure that was performed on him constituted an assault and battery.
The plaintiff has claimed in his objection to the defendants' motion for summary judgment that the Connecticut Supreme Court has clearly held that the consent to perform some surgery does not preclude a claim for assault and battery if a different surgical procedure is performed, particularly if the physician realizes that the patient does not understand the procedure. CT Page 12336
The essence of the defendants' case is that the consent form signed by the plaintiff was broad enough to encompass the procedure engaged in by the defendants. The defendants point out that a battery requires an absence of consent, whereas negligence requires only lack of informed consent. The defendants rely upon that portion of the consent form which states "(I) understand that unforeseen circumstances may arise during the course of the operation which may require other or additional operative or medical procedures. I authorize the physician --- named above --- to modify the proposed procedure or to perform any added procedures as are necessary or desirable in the exercise of professional judgment."
Section 17-49 of the 2002 Connecticut Practice Book provides for a summary judgment if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
In the opinion of this Court, the motion for summary judgment and the cross-motion for summary judgment must both be denied.
The consent to transfer is in essence a contract between the two parties who signed it. "The existence of a contract is a question of fact to be determined by the trier on the basis of all the evidence. . . . To form a valid and binding contract in Connecticut, there must be a mutual understanding of the terms that are definite and certain between the parties." (Citations omitted; internal quotation marks omitted.) LRRealty v. Connecticut National Bank, 53 Conn. App. 524, 534, 732 A.2d 181, cert. denied, 250 Conn. 901, 734 A.2d 984 (1999); John M. Glover Agencyv. RDB Building, LLC., 60 Conn. App. 640 (2000). The question of contract interpretation being a question of the parties' intent is a question of fact unless there is definitive contract language, in which case the determination of what the parties intended by their contractual commitments, is a question of law. Bank of Boston Connecticut v. ScottReal Estate, Inc., 40 Conn. App. 616, 621 (1996). Regency Savings Bankv. West Mark Partners, 70 Conn. App. 34 (2002). The language of the consent before us is, in the opinion of this Court, ambiguous, and the correct interpretation of the Informed Consent statement is a question of fact for the jury. It contains more than one genuine issue as to material facts, the most obvious of which is, did the plaintiff consent to the ileocecal resection, was it the intention of the parties that, in reference to unforeseen circumstances, "a modification of the proposed procedure or use of added procedures" refer only to modifications and added procedures having to do with appendectomy? Another question is whether or not the bowel resection was a different surgical procedure as maintained by the plaintiff. The Court finds that as to Count Six and CT Page 12337 Seven there are genuine issues of material fact and the motion for summary judgment as to each party is denied.
 ___________________ Hale, JTR
CT Page 12338